**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **GELACTIO MATURANO RODRIGUEZ,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **CASE NO. 2:07cv343-WHA** |
| | ) | **(CR NO. 2:03-cr-00231-WHA-SRW-4)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**UNITED STATES' RESPONSE TO § 2255 MOTION**

COMES NOW the United States of America, by and through its attorney, Leura G.

Canary, United States Attorney, and, in compliance with this Court's order dated April 25, 2007,

responds to Petitioner Gelacio Maturano Rodriguez's Motion Under 28 U.S.C. § 2255 to Vacate,

Set Aside, Or Correct Sentence By a Person In Federal Custody.  Consistent with the Court's

order of April 25, 2007, the United States of America responds only regarding the issue of

whether the statute of limitations contained in 28 U.S.C. § 2255 bars petitioner's claim.

**I.  PROCEDURAL HISTORY**[1]

On October 9, 2003, a complaint was sworn against Gelacio Maturano Rodriguez aka

Fernando Hernandez Gonzalez ("Rodriguez"), charging him and four others with conspiring to

distribute 50 grams or more of methamphetamine.  (R1:1).  A warrant for Rodriguez was issued

on the same day.  (R1:2). Rodriguez made his initial appearance later on October 9, 2004,

(R1:14), and the government moved for detention. (R1:13).  On October 14, 2003, CJA attorney

Jay Lewis was appointed to represent Rodriguez (R1:23), and Rodriguez  moved for a

---

[1]The Criminal Docket for the criminal case, CR No. 2:07-cr-00231-WHA-SRW-4, is
attached at Attachment 1.  References to the record are to this criminal case.

preliminary hearing on October 24, 2003. (R1:51).

On October 29, 2003, Rodriguez and the four other co-defendants were indicted by a grand jury. Rodriguez was named in Counts 1 and 2 of the indictment. In Count 1 he was charged with conspiracy to distribute or possess with intent to distribute 50 grams or more of methamphetamine and in Count 2 with distribution and possession with intent to distribute 50 grams or more of methamphetamine. (R1:54). The preliminary hearing was then canceled. Rodriguez was ordered detained after a detention hearing on October 31, 2003. (R1:56). Rodriguez was also arraigned on October 31, 2003, and pled not guilty. (R1:55).

On January 21, 2004, a federal grand jury returned a superseding indictment which again charged Rodriguez in Counts 1 and 2. Count 1 charged him with conspiracy to distribute or possess with intent to distribute 500 grams or more of methamphetamine and Count 2 with distribution and possession with intent to distribute more than 500 grams of methamphetamine. (R1:100). Rodriguez was arraigned on the superseding indictment on February 4, 2004, and pled not guilty (R1:114).

On March 4, 2004, Rodriguez filed a notice of his intent to change his plea. (R1:127). A signed plea agreement between the government and Rodriguez was entered on March 5, 2004. (R1:131). The change of plea hearing was held on March 5, 2004, at which Rodriguez changed his plea to guilty as to Count 1 of the indictment before Magistrate Judge Susan Russ Walker. On March 24, 2004, District Court Judge W. H. Albritton accepted Rodriguez's plea of guilty as to Count 1 and entered an adjudication of guilt as to Count 1. (R1:164). As part of the plea agreement, the government agreed to dismiss Count 2 of the indictment.

Prior to sentencing, the government filed a notice with the court that Rodriguez had

2

violated the terms of his plea agreement. (R1:249). Rodriguez was sentenced on March 21,

2005. At the sentencing hearing, the government dismissed Count 2 of the indictment. Because

Rodriguez had violated the terms of the plea agreement, the government did not move for a

downward departure from the sentencing guidelines range calculated by the United States

Probation Office. The presentence investigation report recommended that Rodriguez receive an

enhancement to his offense level for obstruction of justice and that he not receive the downward

departure for acceptance of responsibility. The reason for this recommendation was that the

Probation Office had learned that Rodriguez had used a false name when he testified under oath

at his change of plea hearing.

The court sentenced Rodriguez on March 21, 2005, to 180 months imprisonment, 5 years

supervised release, and a $100.00 special assessment fee. The judgment of conviction was

entered by the Court on March 25, 2005. (R1:267) (Attachment 2, Judgment of Conviction). On

July 26, 2005, the judgment was returned as executed on Rodriguez on July 14, 2005. (R1:275).

On March 17, 2006, Rodriguez filed a pro se motion entitled "Declaration; Memorandum;

Petition; Notice of Motion." (R1:276) (Attachment 3, "Declaration; Memorandum; Petition;

Notice of Motion"). This court received the motion on March 27, 2006. The court construed it

as a motion to amend or supplement a motion and on March 29, 2006, denied it because there

were no pending motions to supplement or amend. (R1:277). More than a year later, on April 17,

2007, Rodriguez filed a Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal

Custody pursuant to 28 U.S.C. § 2255. (See Attachment 4, "Motion to Vacate, Set Aside or

Correct Sentence by a Person in Federal Custody"). The Court received the motion on April 23,

2007.

3

## II.  CLAIM RAISED IN THE § 2255 MOTION

The sole issue Rodriguez raises in his 28 U.S.C. § 2255 motion is that his trial defense

counsel was ineffective for failing to file a notice of appeal regarding his sentence as he desired.

## III.  RESPONSE REGARDING THE APPLICABILITY OF THE STATUTE OF LIMITATIONS

**Rodriguez's Claim is Barred by the One-Year Statute Of Limitations for Filing Claims Under 28 U.S.C. § 2255**.

18 U.S.C. §2255 provides a statute of limitations for prisoners in federal custody

collaterally challenging their convictions or sentences:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255.

Petitioner makes no claim that this case involves any of the situations described in (2) through

(4) above.   Therefore, the calculation of the one year statute of limitations must be made from

the date on which the conviction became final.

Petitioner was sentenced on March 21, 2005, and a final judgment of conviction was

entered on March 25, 2005.  Because petitioner did not file a notice of appeal, his conviction

became final ten days after entry of the judgment of conviction, on April 4, 2005, when the deadline for filing an appeal ran out.  See Fed. R. Ap. Pro. 4(b)(1); Akins v. United States, 204 F.3d 1086, 1089, n. 1 (11th Cir. 2000); Ramirez v. United States, 146 F.Appx. 325 (11th Cir. 2005).  As a result, the statute of limitations for petitioner's motion expired one year later, on April 4, 2006.

Petitioner filed his claim for relief under 28 U.S.C.§ 2255 on April 16, 2007, more than a year after the one-year statute of limitations for filing a claim expired on April 4, 2006. Petitioner's claim is therefore barred by the statute of limitations unless the statue of limitations was extended by order of the Court or was equitably tolled by extraordinary circumstances.  In this case, neither of these situations applies, and the claim is barred by the statute of limitations.

*a.) Rodriguez's previous filing on March 17, 2006, did not entitle him to an extension of time for filing his claim.*

Petitioner argues in his motion that his claim is not barred by the statute of limitations because he previously filed a motion to extend the statute of limitations on March 17, 2006, before the statute of limitations ran out.  Because he did not receive a response to that motion, he states that he assumes it was granted, thus giving him permission to file his claim for relief after the expiration of the statute of limitations. (Attachment 4, para. 18).

On March 17, 2006, petitioner filed a document with the Court entitled, "Declaration; Memorandum; Petition; Notice of Motion." (Attachment 3).  Nowhere in the motion does the petitioner actually request an extension of time in which to file a motion under 28 U.S.C. § 2255. The closest to such a request is contained in paragraph 7, which reads, "My Prayer is that the Court shall find favor in permitting me to Supplement and Amend my Petition and/or my

Motion." (Attachment 3, para. 7). Although the Court must hold pro se pleadings to less strict standards than pleadings drafted by attorneys, Haines v. Kerner, 404 U.S. 519, 520 (1972), the motion still fails to actually request an extension of time and does not even identify the motion to which the document is referring. After receipt of this document, the Court treated it as a motion to supplement/amend a motion and denied it because there was no motion pending to supplement or amend. Because this motion was denied, the petitioner did not receive an extension of the time in which to file and his motion for relief is now barred by the statute of limitations.

However, even if the Court were to treat the March 17, 2006, motion as a request for an extension and were to vacate its earlier order denying the motion, the petitioner still could not receive an extension of time on the basis of the March 17, 2006, motion. The Court lacked the authority to grant an extension before the actual 28 U.S.C. § 2255 motion was filed. Although the 11th Circuit has not considered the issue, other federal courts have consistently held that a federal court cannot grant an extension of the time or consider a claim's timeliness until a 28 U.S.C. § 2255 motion has actually been filed. If the 28 U.S.C. § 2255 motion has not yet been filed, then there is no case in controversy for the federal district court. See United States v. Green, 260 F.3d 78, 82 (2d Cir. 2001); United States v. Leon, 203 F.3d 162, 163 (2d Cir. 2000); United States v. McFarland, 125 F.Appx. 573, 574 (5th Cir. 2005); United States v. Springer, No. 6:04-cr-126-Orl-19DAB, 2007 WL 705048, at *1 (M.D.Fla. Mar. 2, 2007); United States v. Backhoff, No. 3:05cr24/LAC,3:06cv248/LAC/MD, 2006 WL 2382176 at *1 (N.D.Fla. Aug. 17, 2006); Ramirez v. United States, 461 F.Supp.2d 439, 440-41 (E.D.Va. 2006).

As a result, the Court could not have granted an extension based on the March 17, 2006, filing unless a 28 U.S.C. § 2255 motion had been previously or concurrently filed. Since no

motions for relief were filed previous to March 17, 2006, the Court could only grant an extension

if the March 17, 2006, motion itself could be considered to be a 28 U.S.C. § 2255 claim for

relief.

A claim under 28 U.S.C. § 2255 is required to include "all the grounds for relief available

to the moving party," the "facts supporting each ground," and the "relief requested." R. Gov.

Sect. 2255 Proc. for the U.S. Dist. Cts. 2(b). Although pro se filings are to be given great latitude

and a liberal interpretation in determining their intended meaning, even pro se filings must

actually state some basis for a claim and meet a minimum standard if they are to be considered a

28 U.S.C. § 2255 motion. See Haines, 404 U.S. at 520; Sibley v. Culver, 377 F.3d 1196, 1200-

1201 (11th Cir. 2004); Green, 260 F.3d at 83-84. Simply providing a court with notice of an

intent to file a 28 U.S.C. § 2255 claim prior to the expiration of the statute of limitations is not

the equivalent of a 28 U.S.C. § 2255 claim for relief and does not toll the statute of limitations.

Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002).

Petitioner's filing on March 17, 2006, does not meet the minimum requirements. It fails

to state any basis for a claim, fails to state any supporting facts, and fails to request any specific

relief. The closest the petitioner gets to making a claim for relief under 28 U.S.C. § 2255 is in

paragraph 4, in which he expresses his purpose as being to "(a.) Express and articulate my

thoughts to the Court; (b.) Petition the Court for Appropriate Relief; and c). Notice the Court,

appropriately." (Attachment 3, para. 4). But the motion contains no other references to a claim

for relief and never does state the basis for relief or supporting facts. As a result, the motion filed

March 17, 2006, cannot be considered to be a motion for relief pursuant to 28 U.S.C. § 2255.

A habeas corpus claim begins when the petitioner files an application for habeas corpus

relief.  Woodford v. Garceau, 538 U.S. 202, 208 (2003).   In this case, that application was not filed until April 16, 2007, over a year after the statute of limitations expired on April 4, 2006. As a result, the Court lacked jurisdiction to even consider a motion for an extension of time or the timeliness of the motion for relief until petitioner filed his claim on April 16, 2007.  Because this date was after the expiration of the statute of limitations, petitioner could not have received an extension and his claim is now barred.

### (2.)  Petitioner has not submitted a sufficient basis for equitably tolling the statute of limitations contained in 28 U.S.C. § 2255.

The statute of limitations contained in 28 U.S.C. § 2255 can be "equitably tolled" if a motion is untimely because "'of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" Akins, 204 F.3d. at 1089 (quoting Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)).  "Equitable tolling is only available if the petitioner establishes (1) extraordinary circumstances and (2) due diligence." Outler v. United States, ___ F.3d ___, No. 05-15250, 2007 WL 1373778, at *6 (11th Cir. May 11, 2007).  The burden of establishing that equitable tolling is appropriate rests on the petitioner and it is to be used only "sparingly." Id.; see also Jones, 304 F.3d at 1038-39.

Although petitioner does not explicitly request that the Court equitably toll the statute of limitations, he does state in his April 16, 2007, motion that he believed he had been granted an extension previously, and in his March 17, 2006, filing, he refers to his difficulties with the English language.  If the Court were to construe these filings to be a request to equitably toll the statute of limitations, the Court should still deny that request.  Petitioner has not met his burden of showing any extraordinary circumstances that have prevented him from filing his motion on

time or showing that he has acted with due diligence.

Petitioner's motion filed April 16, 2007, states that his motion is timely because he believed he had filed a request for an extension of the time in which to file on March 17, 2006. Since he did not receive an answer to that motion, he assumed it had been granted.   (Attachment 4, para. 18).  Petitioner's reliance on what he believed to be a motion for an extension does not justify equitably tolling the statute of limitations.  If the Court had erroneously granted a motion for an extension or the petitioner had erroneously received a notice that his extension had been granted, then the petitioner might have reasonably relied on the extension.

In this case, however, no extension was granted, and the petitioner's own motion admits that he never received any response indicating that an extension was granted.  He just assumes that no answer equals approval.  Even if not receiving a response to a motion for an extension of time was an extraordinary circumstance, the petitioner clearly failed to act with due diligence under the circumstances.  He made no efforts of record to determine whether the motion for an extension had been granted for over a year.  As a result, petitioner did not act with due diligence and should not receive an equitable tolling of the statute of limitations on this basis.  See Rainey v. Secretary for the Department of Corrections, 443, F.3d 1323, 1330 (11th Cir. 2006) (reliance by petitioner on state court motion that was rejected because he failed to sign it did not justify equitably tolling the statute of limitations contained in 28 U.S.C. § 2244(d)(1) when the petitioner failed to check on the status of the motion for seven months before it was dismissed by state court).[2]

_____

[2]The 11th Circuit Court of Appeals has "determined that cases interpreting the equitable tolling of the statute of limitations in 28 U.S.C. § 2244 are 'equally valid' in § 2255 cases." Jones, 304 F.3d at 1037, n. 4.

The petitioner's difficulties in the English language described in his March 17, 2006, filing also do not rise to the level of extraordinary circumstances. The 11th Circuit Court of Appeals has previously rejected a similar claim. See United States v. Montano, 398 F.3d. 1276, 1280, n. 5 (11th Cir. 2005). Furthermore, petitioner had a year prior to the expiration of the statute of limitations to attempt to find an interpreter or to write his motion and has not shown why he was unable to do so during that period. Mere difficulties in the preparation of a 28 U.S.C. § 2255 motion do not equal extraordinary circumstances. See Akins, 204 F.3d at 1089, 1090 (prison lockdowns that prevented access to prison library and legal materials for long periods of time and misplacing legal papers were not extraordinary circumstances which justified equitably tolling statue of limitations).

The petitioner has not provided any basis for the court to apply the equitable tolling doctrine to extend the statute of limitations. As a result, his motion for relief under 28 U.S.C. § 2255 was not timely filed and is barred.

## IV.  A HEARING IS NOT NECESSARY IN THIS MATTER

Rodriguez's claim is barred by the statute of limitations contained in 28 U.S.C. § 2255. He has not pleaded facts or presented sufficient evidence or argument which, if true, show that he is entitled to an evidentiary hearing on whether his claim is barred by the statute of limitations. Therefore, his claim for relief should be denied without an evidentiary hearing. See Blacklidge v. Allison, 431 U.S. 63, 73-74 (1977); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991).

## V.  CONCLUSION

For the above reasons, Petitioner Gelacio Maturano Rodriguez's claim is barred by the statute of limitations contained in 28 U.S.C. § 2255, and his claim should be dismissed without

an evidentiary hearing.  However, should the Court determine that Rodriguez's claim is not

barred by the statute of limitations contained in 28 U.S.C. § 2255, the United States requests

sufficient time to respond to the petitioner's substantive arguments, consistent with the Order of

the United States Magistrate Judge issued on April 25, 2007.

      Respectfully submitted this 24th day of May, 2007.

                       LEURA G. CANARY
                       UNITED STATES ATTORNEY

                       /s/ Matthew W. Shepherd
                       MATTHEW W. SHEPHERD
                       Assistant United States Attorney
                       Post Office Box 197
                       Montgomery, Alabama 36101-0197
                       (334) 223-7280
                       (334) 223-7135 fax
                       matthew.shepherd@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **GELACIO MATURANO** | ) | |
| **RODRIGUEZ,** | ) | |
| | ) | |
| **Defendant/Movant,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. 2:07cv343-WHA** |
| | ) | **(CR NO. 2:03-cr-00231-WHA-SRW-4)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed the document by United States Postal Service to the following non-CM/ECF participant: Gelacio Maturano Rodriguez, #11303-002, Taft Correctional Institute, P.O. Box 7001, Taft, CA 93268-7001.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Matthew W. Shepherd
Matthew W. Shepherd
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
matthew.shepherd@usdoj.gov

27BE, EL, INTERPRETER

# U.S. District Court
## Alabama Middle District (Montgomery)
### CRIMINAL DOCKET FOR CASE #: 2:03-cr-00231-WHA-SRW-4
### Internal Use Only

Case title: USA v. Theriot                     Date Filed: 10/29/2003
Magistrate judge case number: 2:03-mj-00053

---

Assigned to: Honorable W. Harold
Albritton, III
Referred to: Honorable Susan Russ
Walker

**Defendant**

**Gelacio Maturano Rodriguez** (4)          represented by   **Gelacio Maturano Rodriguez**
*TERMINATED: 03/23/2005*                     Federal Inmate
                                             c/o Montgomery City Jail
                                             P. O. Drawer 159
                                             Montgomery, AL 36195
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*

                                             **Jay Lewis**
                                             Law Offices of Jay Lewis, LLC
                                             PO Box 5059
                                             Montgomery, AL 36103-5059
                                             334-263-7733
                                             Fax: 832-4390
                                             Email: j-lewis@jaylewislaw.com
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*
                                             *Designation: CJA Appointment*

**Pending Counts**                                **Disposition**

21:846 CONSP:
DISTB/METHAMPHETAMINE -
NMT $4,000,000, [*]; NLT 10Y or                   180 MOS. IMPR; 5 YRS SUP REL;
NMT LIFE, B; NLT 5Y SUP REL;                      $100 SA
VWPA; G-LNS; $100 SA
(1s)

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |

21:846 -
CONSP/DISTR/CONTROLLED
SUBST - NMT $4,000,000*; NLT 10Y
or NMT LIFE, B; NLT 5Y SUP REL;
$100 SA; VWPA; G-LINES
(1)

DISMISSED ON MOTION OF U.S.
ATTORNEY

21:841 - DISTR/POSS/CONTROLLED
SUBST - NMT $4,000,000*; NLT 10Y,
NMT LIFE; B; NLT 5Y SUP REL;
$100 SA; VWPA; G-LINES
DISPENSE
(2)

DISMISSED ON MOTION OF U.S.
ATTORNEY

21:841(a)(1) - DISTB & POSS TO
DISTB METHAMPHETAMINE -
NMT $4,000,000, [*]; NLT 10Y or
NMT LIFE, B; NLT 5Y SUP REL;
VWPA; G-LNS; $100 SA.
(FORFEITURE ALLEGATION)
(2s)

DISMISSED ON ORAL MOTION BY
THE GOVERNMENT

### Highest Offense Level (Terminated)

Felony

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

---

### Plaintiff

**United States of America**                          represented by **Todd A. Brown**
U.S. Attorney's Office
PO Box 197
Montgomery, AL 36101-0197
334-223-7280
Fax: 223-7560
Email: todd.brown@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John T. Harmon**
U.S. Attorneys Office
PO Box 197

Montgomery, AL 36101-0197
334-223-7280
Fax: 334-223-7560
Email: john.harmon@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Terry F. Moorer**
U.S. Attorney's Office
PO Box 197
Montgomery, AL 36101-0197
334-223-7280
Fax: 223-7560
Email: debbie.shaw@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/09/2003 | 1 | COMPLAINT as to Willie Petry Theriot, Michael R. Marks, Sergio Ortiz Alcantar, Gelacio Maturano Rodriguez, Anibal Gutierrez [ 2:03-m -53 ] (dmk) (Entered: 10/10/2003) |
| 10/09/2003 | 2 | Warrant WARRANT issued as to Willie Petry Theriot, Michael R. Marks, Sergio Ortiz Alcantar, Gelacio Maturano Rodriguez, Anibal Gutierrez [ 2:03-m -53 ] (dmk) (Entered: 10/10/2003) |
| 10/09/2003 | | **Added Government Attorney Todd A. Brown as to Willie Petry Theriot, Michael R. Marks, Sergio Ortiz Alcantar, Gelacio Maturano Rodriguez, Anibal Gutierrez [ 2:03-m -53 ] (dmk) (Entered: 10/10/2003) |
| 10/09/2003 | | ARREST of Willie Petry Theriot, Michael R. Marks, Sergio Ortiz Alcantar, Gelacio Maturano Rodriguez, Anibal Gutierrez [ 2:03-m -53 ] (dmk) (Entered: 10/10/2003) |
| 10/09/2003 | | Initial appearance as to Willie Petry Theriot, Michael R. Marks, Sergio Ortiz Alcantar, Gelacio Maturano Rodriguez, Anibal Gutierrez held before Mag Judge Vanzetta P. McPherson on 10/9/03 ; Detention Hearing set for 3:00 10/15/03 for Willie Petry Theriot, for Michael R. Marks, for Sergio Ortiz Alcantar, for Gelacio Maturano Rodriguez, for Anibal Gutierrez at Courtroom 5A (Defendant informed of rights.) (FTR: 4:45-5:00) (Interpreter - Beverly Childress) [ 2:03-m -53 ] (dmk) (Entered: 10/10/2003) |
| 10/09/2003 | 12 | CJA 23 FINANCIAL AFFIDAVIT by Gelacio Maturano Rodriguez [ 2:03-m -53 ] (dmk) (Entered: 10/10/2003) |
| 10/09/2003 | 13 | MOTION by USA as to Gelacio Maturano Rodriguez for Detention Hearing [13-1] referred to Mag Judge Vanzetta P. McPherson [ 2:03-m -53 ] (dmk) (Entered: 10/10/2003) |

| 10/09/2003 | 14 | Courtroom Deputy's Minutes as to Gelacio Maturano Rodriguez : Initial appearance held before Mag. Judge McPherson (FTR: 4:45-5:00) Interpreter: Beverly Childress [ 2:03-m -53 ] (dmk) (Entered: 10/10/2003) |
| 10/09/2003 |  | **Added for Gelacio Maturano Rodriguez Attorney Joseph (Jay) Brady Lewis [ 2:03-m -53 ] (dmk) (Entered: 10/10/2003) |
| 10/09/2003 |  | **Added party US Marshals Service, Montgomery U.S. Probation, U.S. Pretrial, USA Financial Unit [ 2:03-m -53 ] (ws) (Entered: 10/27/2003) |
| 10/14/2003 | 18 | ORDER as to Willie Petry Theriot, Michael R. Marks, Sergio Ortiz Alcantar, Gelacio Maturano Rodriguez, Anibal Gutierrez setting Detention Hearing for 3:00 10/15/03 for Willie Petry Theriot, for Michael R. Marks, for Sergio Ortiz Alcantar, for Gelacio Maturano Rodriguez, for Anibal Gutierrez before Mag Judge Vanzetta P. McPherson in Courtroom 5A ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: Counsel, Deft, Copies furnished to: USA, USM, USPO, USPTS, FD, YG, HC [ 2:03-m -53 ] (dmk) (Entered: 10/14/2003) |
| 10/14/2003 | 23 | ORDER as to Gelacio Maturano Rodriguez Appointing CJA attorney Jay Lewis as Counsel ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: Counsel, Deft., Copies furnished to: USA, USM, USPO, USPTS, FD [ 2:03-m -53 ] (dmk) (Entered: 10/14/2003) |
| 10/14/2003 |  | **Added party Willie Petry Theriot, Michael R. Marks, Sergio Ortiz Alcantar, Gelacio Maturano Rodriguez, Anibal Gutierrez [ 2:03-m -53 ] (dmk) (Entered: 10/14/2003) |
| 10/14/2003 | 48 | CJA 20 as to Gelacio Maturano Rodriguez : Appointment of Attorney Jay Lewis ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: Counsel, [ 2:03-m -53 ] (ws) (Entered: 10/20/2003) |
| 10/16/2003 | 34 | MOTION (PETITION) by USA as to Gelacio Maturano Rodriguez for Release of Defendant from Custody to Custody of Agents [34-1] referred to Mag Judge Vanzetta P. McPherson [ 2:03-m -53 ] (ekl) (Entered: 10/17/2003) |
| 10/17/2003 | 39 | ORDER as to Gelacio Maturano Rodriguez granting [34-1] motion for Release of Defendant from Custody to Custody of Agents as to Gelacio Maturano Rodriguez (4) ( Signed by Mag Judge Vanzetta P. McPherson ) , Copies furnished to: USA,USM,USPTS,USPO,COUNSEL [ 2:03-m -53 ] (ekl) (Entered: 10/17/2003) |
| 10/17/2003 | 41 | ORDER as to Gelacio Maturano Rodriguez Response to court order reset for 10/24/03 for Gelacio Maturano Rodriguez for advising if a separate detention is desired for this defendant RE: Government's motion for Detention Hearing ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: counsel, Copies furnished to: USA,PO,PTSO [ 2:03-m -53 ] (dkt clerk) (Entered: 10/17/2003) |
| 10/24/2003 | 51 | NOTICE of Appearance for Gelacio Maturano Rodriguez by Attorney Jay Lewis [ 2:03-m -53 ] (ws) (Entered: 10/27/2003) |

| 10/24/2003 | 51 | MOTION by Gelacio Maturano Rodriguez for Preliminary Hearing [51-1] referred to Mag Judge Vanzetta P. McPherson [ 2:03-m -53 ] (ws) (Entered: 10/27/2003) |
|---|---|---|
| 10/27/2003 | 52 | ORDER as to Gelacio Maturano Rodriguez granting [51-1] motion for Preliminary Hearing as to Gelacio Maturano Rodriguez (4) Setting Preliminary Examination for 9:00 a.m. on 10/31/03 for Gelacio Maturano Rodriguez before Mag Judge Vanzetta P. McPherson in Courtroom 5B ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: Counsel, Deft, Copies furnished to: USA, USM, USPO, USPTS, DK, YG, HC [ 2:03-m -53 ] (ws) (Entered: 10/27/2003) |
| 10/27/2003 | | ** Renoticed document [52-2] order to add parties and select them [ 2:03-m -53 ] (ws) (Entered: 10/27/2003) |
| 10/29/2003 | 53 | ORDER as to Gelacio Maturano Rodriguez resetting Detention Hearing for 11:00 10/31/03 for Gelacio Maturano Rodriguez before Mag Judge Vanzetta P. McPherson in Courtroom 5A ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: Counsel, Deft, Copies furnished to: USA, USM, USPO, USPTS, YG, HC [ 2:03-m -53 ] (dmk) (Entered: 10/29/2003) |
| 10/29/2003 | | File merged w/CR 03-231-N as to Willie Petry Theriot, Michael R. Marks, Sergio Ortiz Alcantar, Gelacio Maturano Rodriguez, Anibal Gutierrez [ 2:03-m -53 ] (dmk) (Entered: 10/31/2003) |
| 10/29/2003 | 54 | INDICTMENT as to Wille Petry Theriot (2) count(s) 1, 2, Michael R. Marks (5) count(s) 1, 3, Sergio Ortiz Alcantar (3) count(s) 1, 2, Gelacio Maturano Rodriguez (4) count(s) 1, 2, Anibal Gutierrez (1) count(s) 1, 2 (Preliminary Examination cancelled.) (dmk) Modified on 11/21/2003 (Entered: 10/31/2003) |
| 10/29/2003 | | **Added Government Attorney Todd A. Brown as to Wille Petry Theriot, Michael R. Marks, Sergio Ortiz Alcantar, Gelacio Maturano Rodriguez, Anibal Gutierrez (dmk) (Entered: 10/31/2003) |
| 10/29/2003 | | **Added party USA Financial Unit (dmk) (Entered: 10/31/2003) |
| 10/29/2003 | | Magistrate Judge Susan Russ Walker assigned to case for discovery matters as well as matters subsequently referred by District Judge . (dmk) (Entered: 10/31/2003) |
| 10/29/2003 | | (dmk) (Entered: 10/31/2003) |
| 10/29/2003 | | **Added party Beverly Childress as interpreter (dmk) (Entered: 10/31/2003) |
| 10/29/2003 | | **Terminated document(s) as to Gelacio Maturano Rodriguez : (dmk) (Entered: 11/03/2003) |
| 10/29/2003 | | **Terminated document(s) as to Gelacio Maturano Rodriguez : terminating [13-1] motion for Detention Hearing as to Gelacio Maturano Rodriguez (1) (dmk) (Entered: 11/03/2003) |

| | | |
|---|---|---|
| 10/29/2003 | | **Added as ip party Gelacio Maturano-Rodriguez, Anibal Gutierrez, Willie Theriot, Sergio Ortiz Alcantar, Michael R. Marks (dmk) (Entered: 11/03/2003) |
| 10/31/2003 | | Detention hearing as to Gelacio Maturano Rodriguez held before Mag Judge Vanzetta P. McPherson on 10/31/03 (FTR: 11:12-11:21) (dmk) (Entered: 10/31/2003) |
| 10/31/2003 | | ARRAIGNMENT as to Gelacio Maturano Rodriguez held before Mag Judge Vanzetta P. McPherson on 10/31/03 Defendant(s) appeared with counsel and after having been advised of Defendant(s') rights, entered a plea of Not Guilty. (FTR: 11:12-11:21) (Beverly Childress - interpreter) (dmk) (Entered: 10/31/2003) |
| 10/31/2003 | | PLEA of Not Guilty: Gelacio Maturano Rodriguez (4) count(s) 1, 2 ; Court accepts plea. (dmk) (Entered: 10/31/2003) |
| 10/31/2003 | 55 | Courtroom Deputy's Minutes as to Gelacio Maturano Rodriguez : Initial appearance and arraignment held before Mag. Judge McPherson (FTR: 11:12-11:21); Beverly Childress Interpreter) (dmk) (Entered: 10/31/2003) |
| 10/31/2003 | 56 | DETENTION ORDER as to Gelacio Maturano Rodriguez ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: Counsel, Deft, Copies furnished to: USA, USM, USPO, USPTS, EL, DK, JT (ws) (Entered: 10/31/2003) |
| 10/31/2003 | 61 | MOTION by Gelacio Maturano Rodriguez to Employ Interpreter [61-1] referred to Mag. Judge Susan R. Walker (ws) (Entered: 11/04/2003) |
| 11/07/2003 | 63 | ORDER ON ARRAIGNMENT as to Gelacio Maturano Rodriguez directing that NLT 3 days prior to pretrial the PO shall prepare and provide counsel a preliminary sentencing guideline calculation as set out in order; directing that Discovery is due on or before 11/13/03 by USA and 11/20/03 by defendant for Gelacio Maturano Rodriguez Pretrial Motions due by 12/10/03 and government's response to all motions are due 12/17/03 for Gelacio Maturano Rodriguez ; INITIAL Pretrial set 2:00 12/15/03 for Gelacio Maturano Rodriguez in Courtroom 5B before Mag. Judge Susan R. Walker. NLT 3 days prior to pretrial counsel shall confer about the matters to be discussed at pretrial as set forth in this order. Jury Trial set 10:00 1/6/04 for Gelacio Maturano Rodriguez in Courtroom 2F before Unassigned Judge and government response to pretrial motions due 10 days from motion filing date. Voir dire questions and proposed jury instructions are due 12/29/03 ( Signed by Mag. Judge Susan R. Walker ) Copies mailed to: defendant, Copies furnished to: USA,USM,USPTS,USPO,COUNSEL,YG,HC,JT (ekl) Modified on 11/10/2003 (Entered: 11/10/2003) |
| 11/07/2003 | | Deadline updated per order on arraignment as to Gelacio Maturano Rodriguez, setting voir dire questions due on 12/29/03 for Gelacio Maturano Rodriguez , setting proposed jury instructions due on 12/29/03 for Gelacio Maturano Rodriguez (ekl) (Entered: 11/10/2003) |

| 11/12/2003 | <u>68</u> | ORDER as to Gelacio Maturano Rodriguez granting [61-1] motion to Employ Interpreter as to Gelacio Maturano Rodriguez (4) only to the extent that prior approval for fees of an interpreter is granted up to and including the sum of $1,000( Signed by Mag. Judge Susan R. Walker ) Copies mailed to: defendant, Copies furnished to: USA,USM,USPTS,USPO,COUNSEL,YG (ekl) (Entered: 11/13/2003) |
| --- | --- | --- |
| 11/13/2003 | 73 | MOTION by USA as to Wille Petry Theriot, Michael R. Marks, Sergio Ortiz Alcantar, Gelacio Maturano Rodriguez, Anibal Gutierrez to Amend Standing Order on Discovery and Notice of Potential Delay pursuant to 18 USC 3161(h)(8) [73-1] referred to Mag. Judge Susan R. Walker (ekl) (Entered: 11/17/2003) |
| 12/15/2003 | | Pre-trial conference as to Anibal Gutierrez, Wille Petry Theriot, Sergio Ortiz Alcantar, Gelacio Maturano Rodriguez, Michael R. Marks held before Mag. Judge Susan R. Walker on 12/15/03 (jct) (Entered: 12/15/2003) |
| 12/15/2003 | 84 | Courtroom Deputy's Minutes as to Anibal Gutierrez, Wille Petry Theriot, Sergio Ortiz Alcantar, Gelacio Maturano Rodriguez, Michael R. Marks : Pretrial Conference (2:38 - 2:45 Walker) (jct) (Entered: 12/15/2003) |
| 12/29/2003 | <u>93</u> | ORDER as to Anibal Gutierrez, Wille Petry Theriot, Sergio Ortiz Alcantar, Gelacio Maturano Rodriguez, Michael R. Marks reset Jury Selection for for 3/22/04 for Anibal Gutierrez, for Wille Petry Theriot, for Sergio Ortiz Alcantar, for Gelacio Maturano Rodriguez, for Michael R. Marks at U.S. Courthouse before Judge W. H. Albritton III in U.S. Courthouse , reset Jury Trial on 10:00 3/22/04 for Anibal Gutierrez, for Wille Petry Theriot, for Sergio Ortiz Alcantar, for Gelacio Maturano Rodriguez, for Michael R. Marks before Judge W. H. Albritton III in Courtroom 2C , set voir dire questions due on 3/15/04 for Anibal Gutierrez, for Wille Petry Theriot, for Sergio Ortiz Alcantar, for Gelacio Maturano Rodriguez, for Michael R. Marks , reset proposed jury instructions due on 3/15/04 for Anibal Gutierrez, for Wille Petry Theriot, for Sergio Ortiz Alcantar, for Gelacio Maturano Rodriguez, for Michael R. Marks , reset Motions in Limine Filing deadline to for 3/15/04 for Anibal Gutierrez, for Wille Petry Theriot, for Sergio Ortiz Alcantar, for Gelacio Maturano Rodriguez, for Michael R. Marks , reset Plea deadline to for 3/15/04 for Anibal Gutierrez, for Wille Petry Theriot, for Sergio Ortiz Alcantar, for Gelacio Maturano Rodriguez, for Michael R. Marks at U.S. Courthouse ( Signed by Mag. Judge Susan R. Walker ) Copies mailed to: defts, Copies furnished to: USA,USM,USPTS,USPO,YG,HC,WR, (ekl) (Entered: 12/30/2003) |
| 12/29/2003 | | CASE assigned to Judge W. H. Albritton III (ekl) (Entered: 12/30/2003) |
| 12/30/2003 | 95 | Requested Voir Dire Questions by Gelacio Maturano Rodriguez (ekl) (Entered: 01/05/2004) |
| 12/30/2003 | 96 | Proposed Jury Instructions by Gelacio Maturano Rodriguez (ekl) (Entered: 01/05/2004) |

| 01/08/2004 | 98 | MOTION by Gelacio Maturano Rodriguez for additional authorization of ($2,000) funds to employ interpreter (Exhibit A attached) [98-1] referred to Mag. Judge Susan R. Walker (ekl) (Entered: 01/09/2004) |
|---|---|---|
| 01/14/2004 | 99 | STAMPED ORDER as to Gelacio Maturano Rodriguez granting [98-1] motion for additional authorization of ($2,000) funds to employ interpreter (Exhibit A attached) as to Gelacio Maturano Rodriguez (4) ( Entered by Mag. Judge Susan R. Walker ) , Copies furnished to: USA,USM,USPTS,USPO,COUNSEL,YG,BEV (ekl) Modified on 01/14/2004 (Entered: 01/14/2004) |
| 01/21/2004 | 100 | SUPERSEDING INDICTMENT as to Anibal Gutierrez (1) count(s) 1s, 2s, Wille Petry Theriot (2) count(s) 1s, 2s, Sergio Ortiz Alcantar (3) count(s) 1s, 2s, Gelacio Maturano Rodriguez (4) count(s) 1s, 2s, Michael R. Marks (5) count(s) 1s, 3s Copies mailed to: defendants, Copies furnished to: USA,USM,USPTS,USPO,COUNSEL (ekl) (Entered: 01/23/2004) |
| 01/23/2004 | 101 | MOTION by USA as to Anibal Gutierrez, Wille Petry Theriot, Sergio Ortiz Alcantar, Gelacio Maturano Rodriguez, Michael R. Marks to Dismiss Indictment (superseding indictment filed) [101-1] referred to Judge W. H. Albritton III (ekl) (Entered: 01/26/2004) |
| 01/23/2004 | | ARRAIGNMENT as to Anibal Gutierrez, Wille Petry Theriot, Sergio Ortiz Alcantar, Gelacio Maturano Rodriguez, Michael R. Marks set for 10:00 2/4/04 for Anibal Gutierrez, for Wille Petry Theriot, for Sergio Ortiz Alcantar, for Gelacio Maturano Rodriguez, for Michael R. Marks at Courtroom 5A before Mag Judge Vanzetta P. McPherson (ekl) (Entered: 01/26/2004) |
| 01/23/2004 | 106 | ORDER as to Gelacio Maturano Rodriguez to Produce Prisoner for Arraignment , set Arraignment for 10:00 2/4/04 for Gelacio Maturano Rodriguez before Mag Judge Vanzetta P. McPherson in Courtroom 2A ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: deft, Copies furnished to: USA,USM,USPTS,USPO,COUNSEL,BEV (ekl) (Entered: 01/26/2004) |
| 01/27/2004 | 108 | STAMPED ORDER as to Anibal Gutierrez, Wille Petry Theriot, Sergio Ortiz Alcantar, Gelacio Maturano Rodriguez, Michael R. Marks granting [101-1] motion to Dismiss Indictment (superseding indictment filed) as to Anibal Gutierrez (1), Wille Petry Theriot (2), Sergio Ortiz Alcantar (3), Gelacio Maturano Rodriguez (4), Michael R. Marks (5) ( Entered by Judge W. H. Albritton III ) Copies mailed to: defts, Copies furnished to: USA,USM,USPTS,USPO,COUNSEL (ekl) (Entered: 01/27/2004) |
| 01/27/2004 | | DISMISSAL of Count(s) on Government Motion as to Anibal Gutierrez, Wille Petry Theriot, Sergio Ortiz Alcantar, Gelacio Maturano Rodriguez, Michael R. Marks Terminated motions Counts Dismissed: Anibal Gutierrez (1) count(s) 1, 2, Wille Petry Theriot (2) count(s) 1, 2, Sergio Ortiz Alcantar (3) count(s) 1, 2, Gelacio Maturano Rodriguez (4) count(s) 1, 2, Michael R. Marks (5) count(s) 1, 3 (ekl) (Entered: 01/27/2004) |

| | | |
|---|---|---|
| 01/30/2004 | [110](#) | ORDER as to Anibal Gutierrez, Wille Petry Theriot, Sergio Ortiz Alcantar, Gelacio Maturano Rodriguez, Michael R. Marks reset Pretrial Conference from 2/25/04 to 2:00 2/24/04 for Anibal Gutierrez, for Wille Petry Theriot, for Sergio Ortiz Alcantar, for Gelacio Maturano Rodriguez, for Michael R. Marks at Courtroom 5B before Mag. Judge Susan R. Walker in Courtroom 5B ( Signed by Mag. Judge Susan R. Walker ) Copies mailed to: defts, Copies furnished to: USA,USM,USPTS,USPO,COUNSEL,JT,YG,HC (ekl) (Entered: 01/30/2004) |
| 02/04/2004 | | ARRAIGNMENT as to Gelacio Maturano Rodriguez held before Mag Judge Vanzetta P. McPherson on 2/4/04 Defendant(s) appeared with counsel and after having been advised of Defendant(s') rights, entered a plea of Not Guilty. (FTR: 10:06-10:14; Interpreter - Beverly Childress) (dmk) (Entered: 02/04/2004) |
| 02/04/2004 | | PLEA of Not Guilty: Gelacio Maturano Rodriguez (4) count(s) 1s, 2s ; Court accepts plea. (dmk) (Entered: 02/04/2004) |
| 02/04/2004 | 114 | Courtroom Deputy's Minutes as to Gelacio Maturano Rodriguez : Arraignment on superseding indictment held before Mag. Judge McPherson (FTR: 10:06-10:14; Interpreter - Beverly Childress) (dmk) (Entered: 02/04/2004) |
| 02/26/2004 | [121](#) | ORDER as to Gelacio Maturano Rodriguez reset Pretrial Conference for 4:00 3/3/04 for Gelacio Maturano Rodriguez at Courtroom 5B before Mag. Judge Susan R. ( Signed by Mag. Judge Susan R. Walker ) , Copies furnished to: USA,USM,USPTS,USPO,COUNSEL,YG,HC (ekl) (Entered: 02/26/2004) |
| 03/03/2004 | | Pre-trial conference as to Anibal Gutierrez, Gelacio Maturano Rodriguez held before Mag. Judge Susan R. Walker on 3/3/04 (jct) (Entered: 03/03/2004) |
| 03/03/2004 | 123 | Courtroom Deputy's Minutes as to Anibal Gutierrez, Gelacio Maturano Rodriguez : Pretrial Conference (4:32 - 4:38 Walker) (jct) (Entered: 03/03/2004) |
| 03/04/2004 | [125](#) | ORDER OF REFERENCE referring case to the magistrate judge to conduct guilty proceedings as to Gelacio Maturano Rodriguez ( Signed by Judge W. H. Albritton III ) , Copies furnished to: USA,USM,USPTS,USPO,COUNSEL,JT (ekl) (Entered: 03/04/2004) |
| 03/04/2004 | | Change of Plea hearing set for 10:30 3/5/04 for Gelacio Maturano Rodriguez at Courtroom 5B before Mag. Judge Susan R. Walker (jct) (Entered: 03/04/2004) |
| 03/04/2004 | 127 | NOTICE of Intent to Change Plea by Gelacio Maturano Rodriguez (ekl) (Entered: 03/05/2004) |
| 03/05/2004 | [129](#) | ORDER as to Gelacio Maturano Rodriguez set Change of Plea Hearing for 10:30 3/5/04 for Gelacio Maturano Rodriguez before Mag. Judge |

| | | |
|---|---|---|
| | | Susan R. Walker in Courtroom 5B ( Signed by Mag. Judge Susan R. Walker ) , Copies furnished to: USA,USM,USPTS,USPO,WR,JT,HC,YG (ekl) (Entered: 03/05/2004) |
| 03/05/2004 | 130 | CONSENT TO ENTER PLEA BEFORE A U. S. MAGISTRATE JUDGE by Gelacio Maturano Rodriguez and counsel, Jay Lewis, in a felony case. (sql) (Entered: 03/05/2004) |
| 03/05/2004 | <u>131</u> | Plea Agreement as to Gelacio Maturano Rodriguez (sql) (Entered: 03/05/2004) |
| 03/05/2004 | | Change of Plea hearing held in order for defendant to change his/her plea to a plea of, Guilty: Gelacio Maturano Rodriguez (4) count(s) 1s . Court Accepts Plea. [Entrekin - reporter] (sql) (Entered: 03/05/2004) |
| 03/05/2004 | 132 | Courtroom Deputy's Minutes as to Gelacio Maturano Rodriguez of change of plea hearing.: (sql) (Entered: 03/05/2004) |
| 03/05/2004 | | REPORT AND RECOMMENDATIONS of Mag. Judge Susan R. Walker as to Gelacio Maturano Rodriguez Re: Concerning Plea of Guilty, Objections Objections due by 3/18/04 [133-1] report and recommendations, [0-0] report and recommendations Copies mailed to: deft, Copies furnished to: USA,USM,USPTS,USPO,COUNSEL (ekl) (Entered: 03/05/2004) |
| 03/05/2004 | | ** Renoticed document [133-1] report and recommendations Objections due by 3/18/04 [133-1] report and recommendations, to get bar code (ekl) (Entered: 03/05/2004) |
| 03/08/2004 | <u>134</u> | STAMPED ORDER as to Anibal Gutierrez, Wille Petry Theriot, Sergio Ortiz Alcantar, Gelacio Maturano Rodriguez, Michael R. Marks granting [73-1] motion to Amend Standing Order on Discovery and Notice of Potential Delay pursuant to 18 USC 3161(h)(8) as to Anibal Gutierrez (1), Wille Petry Theriot (2), Sergio Ortiz Alcantar (3), Gelacio Maturano Rodriguez (4), Michael R. Marks (5) ( Entered by Mag. Judge Susan R. Walker ) , Copies furnished to: USA,USM,USPTS,USPO,COUNSEL (ekl) (Entered: 03/08/2004) |
| 03/09/2004 | | ** Renoticed document [144-1] report and recommendations Objections due by 3/22/04 [144-1] report and recommendations, (to get bar code) (ekl) (Entered: 03/09/2004) |
| 03/11/2004 | | ** Renoticed document [150-1] order to receive bar code. (ekl) (Entered: 03/11/2004) |
| 03/24/2004 | <u>164</u> | ACCEPTANCE OF PLEA OF GUILT AND ADJUDICATION OF GUILT as to Ct. 1 of the Superseding Indictment as to Gelacio Maturano Rodriguez ( Signed by Judge W. H. Albritton III ) Copies mailed to: deft, Copies furnished to: USA,USM,USPTS,USPO,COUNSEL (ekl) (Entered: 03/24/2004) |

| 03/24/2004 | 165 | ORDER as to Gelacio Maturano Rodriguez set Sentencing for 9:00 6/7/04 for Gelacio Maturano Rodriguez at Courtroom 2C before Judge W. H. Albritton III. Any objections to the PSR are due in writing to the PO 5/17/04. Unless excused in writing, parties shall be available for a conference with the PO 5/20/04 at 9:30 a.m. ( Signed by Judge W. H. Albritton III ) Copies mailed to: deft, Copies furnished to: HC, USA,USM,USPTS,USPO,COUNSEL,YG, (ekl) (Entered: 03/24/2004) |
| 03/24/2004 | 168 | MOTION (PETITION) by USA as to Gelacio Maturano Rodriguez for an Order directing the USM to Release Custody of Prisoner for the purpose of transporting him to the office of the USA without the necessity of the presence of a USM or Deputy USM [168-1] referred to Mag. Judge Delores R. Boyd (ws) (Entered: 03/24/2004) |
| 03/24/2004 | 169 | MOTION (PETITION) by USA as to Anibal Gutierrez, Wille Petry Theriot, Sergio Ortiz Alcantar, Gelacio Maturano Rodriguez, Michael R. Marks for an Order directing the USM to Release Custody BRIAN SEXTON for the purpose of transporting him to the office of USA without the necessity of the presence of a Deputy USM [169-1] referred to Mag. Judge Delores R. Boyd (ws) (Entered: 03/24/2004) |
| 03/24/2004 | 170 | MOTION (PETITION) by USA as to Anibal Gutierrez, Wille Petry Theriot, Sergio Ortiz Alcantar, Gelacio Maturano Rodriguez, Michael R. Marks for Order directing the USM to Release from Custody SIDNEY BRIAN BRADLEY for the purpose of transporting him to the office of the USA without the necessity of the presence of a Deputy USM [170-1] referred to Mag. Judge Delores R. Boyd (ws) (Entered: 03/24/2004) |
| 03/24/2004 | 171 | MOTION (PETITION) by USA as to Anibal Gutierrez, Wille Petry Theriot, Sergio Ortiz Alcantar, Gelacio Maturano Rodriguez, Michael R. Marks for an order directing the USM to Release from Custody, JASON ARTHUR, for the purpose of transporting him to the office of the USA without the necessity of the presence of a Deputy USM [171-1] referred to Mag. Judge Delores R. Boyd (ws) (Entered: 03/24/2004) |
| 03/24/2004 | 172 | ORDER as to Gelacio Maturano Rodriguez granting [168-1] motion for an Order directing the USM to Release Custody of Prisoner for the purpose of transporting him to the office of the USA without the necessity of the presence of a USM or Deputy USM as to Gelacio Maturano Rodriguez (4) ( Signed by Mag. Judge Delores R. Boyd ) Copies mailed to: Deft, Copies furnished to: USA, USM, USPO,USPTS, EL, JT (ws) (Entered: 03/24/2004) |
| 03/24/2004 | 173 | ORDER as to Anibal Gutierrez, Wille Petry Theriot, Sergio Ortiz Alcantar, Gelacio Maturano Rodriguez, Michael R. Marks granting [169-1] motion for an Order directing the USM to Release Custody BRIAN SEXTON for the purpose of transporting him to the office of USA without the necessity of the presence of a Deputy USM as to Anibal Gutierrez (1), Wille Petry Theriot (2), Sergio Ortiz Alcantar (3), Gelacio Maturano Rodriguez (4), Michael R. Marks (5) ( Signed by Mag. Judge |

| | | Delores R. Boyd ) Copies mailed to: Deft, Copies furnished to: USA, USM, USPT, USPO, EL, JT (ws) (Entered: 03/24/2004) |
|---|---|---|
| 03/24/2004 | 174 | ORDER as to Anibal Gutierrez, Wille Petry Theriot, Sergio Ortiz Alcantar, Gelacio Maturano Rodriguez, Michael R. Marks granting [170-1] motion for Order directing the USM to Release from Custody SIDNEY BRIAN BRADLEY for the purpose of transporting him to the office of the USA without the necessity of the presence of a Deputy USM as to Anibal Gutierrez (1), Wille Petry Theriot (2), Sergio Ortiz Alcantar (3), Gelacio Maturano Rodriguez (4), Michael R. Marks (5) ( Signed by Mag. Judge Delores R. Boyd ) Copies mailed to: Deft, Copies furnished to: USA, USM, USPO, USPTS, EL, JT (ws) (Entered: 03/24/2004) |
| 03/24/2004 | 175 | ORDER as to Anibal Gutierrez, Wille Petry Theriot, Sergio Ortiz Alcantar, Gelacio Maturano Rodriguez, Michael R. Marks granting [171-1] motion for an order directing the USM to Release from Custody, JASON ARTHUR, for the purpose of transporting him to the office of the USA without the necessity of the presence of a Deputy USM as to Anibal Gutierrez (1), Wille Petry Theriot (2), Sergio Ortiz Alcantar (3), Gelacio Maturano Rodriguez (4), Michael R. Marks (5) ( Signed by Mag. Judge Delores R. Boyd ) Copies mailed to: Deft, Counsel, Copies furnished to: USA, USM, USPO, USPTS, EL, JT (ws) (Entered: 03/24/2004) |
| 04/02/2004 | | **Terminated deadlines as to Anibal Gutierrez, Wille Petry Theriot, Gelacio Maturano Rodriguez (ekl) (Entered: 04/02/2004) |
| 05/28/2004 | 200 | MOTION to Continue *Sentencing* by United States of America as to Anibal Gutierrez, Wille Petry Theriot, Gelacio Maturano Rodriguez. (Brown, Todd) (Entered: 05/28/2004) |
| 06/01/2004 | 201 | ORDER as to Anibal Gutierrez, Wille Petry Theriot, Gelacio Maturano Rodriguez re 200 MOTION to Continue *Sentencing* filed by United States of America, Motion granted and terminated as to Anibal Gutierrez, Wille Petry Theriot, Gelacio Maturano Rodriguez : 200 MOTION to Continue *Sentencing* filed by United States of America. Sentencing RESET for 9/2/2004 10:00 AM in Courtroom 2C before Honorable Judge W. Harold Albritton III.. Signed by Judge W. Harold Albritton III on 6/1/04. (ekl, ) (Entered: 06/01/2004) |
| 06/25/2004 | 206 | NOTICE OF ATTORNEY APPEARANCE Terry F. Moorer appearing for USA. (Moorer, Terry) (Entered: 06/25/2004) |
| 07/19/2004 | 223 | ORDER as to Anibal Gutierrez, Gelacio Maturano Rodriguez. Due to a conflict in the court's schedule, Sentencings are RESET from 9/2/04 to 9/8/2004 10:00 AM in Courtroom 2C before Honorable W. Harold Albritton III.. Signed by Judge W. Harold Albritton III on 7/19/04. (ekl, ) (Entered: 07/19/2004) |
| 08/25/2004 | 232 | ORDER as to Anibal Gutierrez, Gelacio Maturano Rodriguez. Since Blakely issues are pending in cases before the 11th CCA and the US Supreme Court, parties have agreed that it would be appropriate to delay |

| | | |
|---|---|---|
| | | sentencing. Sentencing is CONTINUED from 9/8/04 and RESET for 10/15/2004 09:00 AM in Courtroom 2C before Honorable W. Harold Albritton III. INTERPRETER NOTIFIED. Signed by Judge W. Harold Albritton III on 8/25/04. (ekl, ) (Entered: 08/25/2004) |
| 10/07/2004 | | Oral ORDER (to be followed by written order) as to Anibal Gutierrez, Gelacio Maturano Rodriguez : Sentencing CONTINUED from 10/15/04 and RESET for 11/22/2004 09:00 AM in Courtroom 2C before Honorable W. Harold Albritton III. Interpreter notified. (ekl, ) (Entered: 10/07/2004) |
| 10/12/2004 | 237 | ORDER as to Anibal Gutierrez, Gelacio Maturano Rodriguez Sentencing CONTINUED from 10/15/04 and RESET for 11/22/2004 09:00 AM in Courtroom 2C before Honorable W. Harold Albritton III.Interpreter notified. Signed by Judge W. Harold Albritton III on 10/12/04. (ekl, ) (Entered: 10/13/2004) |
| 11/16/2004 | 242 | ORDER as to Gelacio Maturano Rodriguez. Sentencing CONTINUED from 11/22/04 and RESET for 1/4/2005 09:00 AM in Courtroom 2C before Honorable W. Harold Albritton III. INTERPRETER NOTIFIED. Signed by Judge W. Harold Albritton III on 11/16/04. (ekl, ) (Entered: 11/16/2004) |
| 12/21/2004 | 243 | ORDER as to Gelacio Maturano Rodriguez, Anibal Gutierrez Sentencing is reset from 1/4/2005 to 1/19/2005 09:00 AM in Courtroom 2C before Honorable W. Harold Albritton III. Signed by Judge W. Harold Albritton III on 12/21/04. (kcg, ) (Entered: 12/21/2004) |
| 01/14/2005 | 244 | ORDER as to Gelacio Maturano Rodriguez, Anibal Gutierrez: that upon consideration of the Supreme Court's decisions in USA v. Booker and USA v. Fanfan sentencing currently set for 1/19/05 is CONTINUED and RESET for 2/17/2005 at 10:00 AM in Courtroom 2C before Honorable W. Harold Albritton III; that the defendants are DIRECTED to file a brief on or before 1/28/05 directed to applicationn of the decisions to sentencing in this case; that the United states is DIRECTED to file a brief by 2/11/05. Signed by Judge W. Harold Albritton III on 1/14/05. (ws ) Modified on 1/14/2005 (ws, ). (Entered: 01/14/2005) |
| 01/14/2005 | 247 | MOTION to Continue *Sentencing* by Gelacio Maturano Rodriguez. (Lewis, Jay) (Entered: 01/14/2005) |
| 01/19/2005 | 248 | ORDER as to Gelacio Maturano Rodriguez GRANTING 247 MOTION to Continue *Sentencing* filed by Gelacio Maturano Rodriguez. Sentencing is CONTINUED from 2/17/2005 to 3/3/2005 10:00 AM in Courtroom 2C before Honorable W. Harold Albritton III.. Signed by Judge W. Harold Albritton III on 1/19/05. (kcg, ) (Entered: 01/19/2005) |
| 01/26/2005 | 249 | NOTICE *of Violation of Plea Agreement* by Gelacio Maturano Rodriguez (Moorer, Terry) (Entered: 01/26/2005) |
| 01/27/2005 | 251 | SENTENCING MEMORANDUM by Gelacio Maturano Rodriguez (Lewis, Jay) (Entered: 01/27/2005) |

| 02/08/2005 | 252 | MOTION for Extension of Time to File *Response to Defendant's Brief on Effects of Booker* by United States of America as to Gelacio Maturano Rodriguez, Anibal Gutierrez. (Moorer, Terry) (Entered: 02/08/2005) |
| 02/08/2005 | 253 | STAMPED ORDER granting 252 Motion for Extension of Time to File Response to Defendant's Brief on Effects of Booker as to Anibal Gutierrez (1), Gelacio Maturano Rodriguez (4). Signed by Judge W. Harold Albritton III on 2/8/05. (ws) (Entered: 02/08/2005) |
| 02/14/2005 | 254 | SENTENCING MEMORANDUM by United States of America as to Gelacio Maturano Rodriguez (Moorer, Terry) (Entered: 02/14/2005) |
| 02/28/2005 | | TRANSCRIPT of Change of Plea Proceedings as to Gelacio Maturano Rodriguez held on 3/5/04 before Judge Susan Russ Walker. Court Reporter: Risa L. Entrekin. (kcg, ) (Entered: 03/02/2005) |
| 03/01/2005 | 261 | MOTION to Continue by Gelacio Maturano Rodriguez. (Lewis, Jay) (Entered: 03/01/2005) |
| 03/02/2005 | 262 | ORDER as to Gelacio Maturano Rodriguez granting 261 MOTION to Continue Sentencing filed by Gelacio Maturano Rodriguez. Sentencing presently scheduled for 3/3/05 is CONTINUED and RESET for 3/22/2005 09:00 AM in Courtroom 2C before Honorable W. Harold Albritton III. Signed by Judge W. Harold Albritton III on 3/2/05. (ws) (Entered: 03/02/2005) |
| 03/13/2005 | 264 | MOTION to Continue *or Reset Sentencing* by Gelacio Maturano Rodriguez. (Lewis, Jay) (Entered: 03/13/2005) |
| 03/15/2005 | 265 | ORDER as to Gelacio Maturano Rodriguez GRANTING 264 MOTION to Continue *or Reset Sentencing* filed by Gelacio Maturano Rodriguez; Sentencing is RESCHEDULED from 3/22/05 and RESET for 3/21/2005 02:00 PM in Courtroom 2C before Honorable W. Harold Albritton III. Signed by Judge W. Harold Albritton III on 3/15/05. (ws, ) (Entered: 03/15/2005) |
| 03/21/2005 | | ORAL MOTION to Dismiss Count 2 of the Superseding Indictment by United States of America as to Gelacio Maturano Rodriguez. (ws, ) (Entered: 03/25/2005) |
| 03/21/2005 | | ORAL ORDER granting ORAL Motion to Dismiss Count 2 of the Superseding Indictment as to Gelacio Maturano Rodriguez (4). Signed by Judge W. Harold Albritton III on 3/21/05. (ws) (Entered: 03/25/2005) |
| 03/21/2005 | 266 | Minute Entry for proceedings held before Judge W. Harold Albritton III:Sentencing held on 3/21/2005 as to Gelacio Maturano Rodriguez for Gelacio Maturano Rodriguez (4) Count(s) 1, 2, DISMISSED ON MOTION OF the Government; Count(s) 2s, DISMISSED ON ORAL MOTION BY THE GOVERNMENT. (Court Reporter Risa Entrekin) (Attachments: # 1 Witness List# 2 Govt. Exhibit List) (ws ) (Entered: 03/25/2005) |

| 03/23/2005 | ◑267 | JUDGMENT as to Gelacio Maturano Rodriguez (4) Count(s) 1s : 180 MOS. IMPR; 5 YRS SUP REL; $100 SA. Signed by Judge W. Harold Albritton III on 3/23/05. (ws ) (Entered: 03/25/2005) |
| 07/26/2005 | ◑275 | Judgment Returned Executed as to Gelacio Maturano Rodriguez on 7/14/05 to TCI Taft, CA. (ws, ) (Entered: 07/26/2005) |
| 12/09/2005 | | Payment Received: as to Gelacio Maturano Rodriguez $ 100.00 assessment, receipt number 108683 (ws, ) (Entered: 12/09/2005) |
| 02/28/2006 | ◑ | TRANSCRIPT of Sentencing Proceeding as to Gelacio Maturano Rodriguez held on 3/21/05 before Judge W. Harold Albritton. Court Reporter: Risa Entrekin. (ws) (Entered: 02/28/2006) |
| 03/27/2006 | ◑276 | MOTION (PRO SE) to Supplement and Amend Petition by Gelacio Maturano Rodriguez. (ws) (Entered: 03/29/2006) |
| 03/29/2006 | ◑277 | ORDER as to Gelacio Maturano Rodriguez (4) that the court received a document filed by the Defendant, Pro Se, entititled "Declaration; Memorandum; Petition; Notice of Motion." The Clerk is DIRECTED to file the document as a Motion to Supplement and Amend. From a review of the file, the court finds that there is no petition or motion by the Defendant pending in this case which could be supplemented or amended; Therefore, the 276 Motion to Supplement and Amend Petition as to Gelacio Maturano Rodriguez (4) is DENIED. Signed by Judge W. Harold Albritton III on 3/29/06. (ws ) (Entered: 03/29/2006) |

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

<u>MIDDLE</u>      District of      <u>ALABAMA</u>

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | |
| **GELACIO MATURANO-RODRIGUEZ** | |

Case Number:      2:03cr231-004-A

USM Number:      11303-002

Joseph B. Lewis
Defendant's Attorney

**THE DEFENDANT:**

**X** pleaded guilty to count(s)    1 of the Superseding Indictment on March 5, 2004

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 USC 846 | Conspiracy to Distribute/Possess with Intent to Distribute a Mixture or Substance Containing Methamphetamine (500 grams or more) | 10/8/03 | 1s |

     The defendant is sentenced as provided in pages 2 through    6    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

**X** Counts 1,2   and 2s of the Superseding Indictment    ☐ is    **X** are   dismissed on the motion of the United States.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

March 21, 2005
Date of Imposition of Judgment

Signature of Judge

W. HAROLD ALBRITTON, SENIOR UNITED STATES DISTRICT JUDGE
Name and Title of Judge

March 23, 2005
Date

AO 245B   (Rev. 12/03) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page ___2___ of ___6___

DEFENDANT: GELACIO MATURANO-RODRIGUEZ
CASE NUMBER: 2:03cr231-004-A

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**180 months.**

X   The court makes the following recommendations to the Bureau of Prisons:

    The court recommends the Defendant be designated to a facility where Intensive Residential Substance Abuse Treatment is available.

X   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____ ☐ a.m. ☐ p.m.   on _____ .

    ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before 2 p.m. on _____ .

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 3 — Supervised Release

DEFENDANT:         GELACIO MATURANO-RODRIGUEZ
CASE NUMBER:       2:03cr231-004-A

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

**five (5) years.**

     The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

     If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

     The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 3C — Supervised Release

Judgment—Page __4__ of __6__

DEFENDANT:        GELACIO MATURANO-RODRIGUEZ
CASE NUMBER:    2:03cr231-004-A

## SPECIAL CONDITIONS OF SUPERVISION

Defendant shall participate in drug testing and/or treatment if directed by the probation officer. Defendant shall contribute to the cost of any treatment based on ability to pay and availability of third party payments.

Defendant shall submit to a search of his person, residence, office or vehicle pursuant to the search policy of this court.

Defendant shall not re-enter the United States of America without the consent of the United States government.

AO 245B   (Rev. 12/03) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page   5   of   6

DEFENDANT:           GELACIO MATURANO-RODRIGUEZ
CASE NUMBER:       2:03cr231-004-A

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $  100.00 | $  -0- | $  -0- |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| **TOTALS** | $ _____ | $ _____ | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 12/03) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page ___6___ of ___6___

DEFENDANT:        GELACIO MATURANO-RODRIGUEZ
CASE NUMBER:      2:03cr231-004-A

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**   **X**   Lump sum payment of $ ___100.00___ due immediately, balance due

    ☐   not later than _____ , or
    in accordance   ☐ C,   ☐ D,   ☐ E, or   F below; or

**B**   ☐   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
    term of supervision; or

**E**   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
    imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**   **X**   Special instructions regarding the payment of criminal monetary penalties:

    Payment shall be made to the Clerk, U.S. District Court, P. O. Box 711, Montgomery, AL 36101.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

1. FERNANDO HERNANDEZ GONZALEZ

2. GELACIO MATURANO RODRIGUEZ

3. FEDERAL REGISTRATION NO. #11303-002

4. PO BOX 7001   UNIT A3C

5. TAFT, CA 93268-7001

6.

RECEIVED

2006 MAR 27  A 10: 10

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

7. ATTORNEY FOR DEFENDANT:

8. FERNANDO HERNANDEZ GONZALEZ

9. GELACIO MATURANO RODRIGUEZ

2:07CV343 - WHA

10.

11. IN PROPRIA PERSONA

12. IN PRO PER

13.

14. MARCH 17, 2006

15.

16. **IN THE UNITED STATES DISTRICT COURT**

17. **FOR THE MIDDLE DISTRICT OF ALABAMA**

18. **NORTHERN DIVISION**

19.

20. UNITED STATES OF AMERICA,  ) **FEDERAL CRIMINAL CASE NO.**
      PLAINTIFF, ) **CR. NO. 03-0231-N**

21.          ) **CASE: CR-00231-WHA-SRW**

22. v.         ) **DECLARATION; MEMORANDUM;**
         ) **PETITION; NOTICE OF MOTION**

23.          )

24. GELACIO MATURANO RODRIGUEZ, )
      DEFENDANT. )

25.

26. BEITKNOWN TO ALL MEN, THE UNITED STATES ATTORNEY AND THIS HONORABLE COURT

27. AS TO THESE PRESENTS, AS FOLLOWS:

28. I, Fernando Hernandez Gonzalez/Gelacio Maturano Rodriguez, the undersigned,

1.

2.

3.

4.

5.

6.

7.

8.

9.

10.

11.

12.

13.

14.

15.

16.

17.

18.

19.

20.

21.

22.

23.

24.

25.

26.

27.

28.

UNITED STATES OF AMERICA   v.   GELACIO MATURANO RODRIGUEZ

MARCH 17, 2006; NOTICE; DECLARATION; et. AL.; CONTINUED; PAGE 2.

hereby declare, state and/or otherwise affirm the following:

1.  My name is Fernando Hernandez Gonzalez/Gelacio Maturano Rodriguez.
    My Federal Registration Number is: 11303-002

2.  I am currently incarcerated, serving a term of imprisonment under the
    direction, care, custody and control of the Attorney General of the
    United States.

3.  My address is as follows:
                 Fernando Hernandez Gonzalez
                 Gelacio Maturano Rodriguez
          Federal Registration Number: #11303-002
             Taft Correctional Institution
                 PO Box 7001   Unit A3C
                 Taft, CA 93268-7001

4.  Almost one (1) year has passed since the date of my sentencing,
    (March 21, 2005), and I want to: (a.) Express and articulate my
    thoughts to the Court; (b.) Petition the Court for Appropriate
    Relief; and (c.) Notice the Court, appropriately.

5.  I continue to face tremendous language barriers with the English
    language.

- 2. -

UNITED STATES OF AMERICA v. GELACIO MATURANO RODRIGUEZ

MARCH 17, 2006; NOTICE; DECLARATION; et. AL.; CONTINUED; PAGE 3.

6. As I am <u>not</u> fluent/conversant in said English, I am trying to collect and distill my thoughts, have them translated and communicate same to the Court.

7. My Prayer is that the Court shall find favor in permitting me to Supplement and Amend my Petition and/or my Motion.

FURTHER AFFIANCE SAYETH NOT.

I MAKE THIS DECLARATION under penalty of perjury under the laws of the State of California. EXECUTED at the Taft Correctional Institution, in Taft, California, on the day and date first-stated immediately hereinbelow. IN WITNESS WHEREOF, I set my hand and seal.

Dated: <u>March 17, 2006</u>     By: *Fernando Hernandez Glez*
                                    Fernando Hernandez Gonzalez
                                    Gelacio Maturano Rodriguez


                                    <u>Respectfully Submitted</u>

# <u>CERTIFICATE OF SERVICE</u>

I, <u>Adrian Lopez</u> hereby certify that I have served a true and correct copy of the following:

> FEDERAL CRIMINAL CASE NO. CR-03-0231-N
>
> CASE NO. CR-00231-WHA-SRW
>
> DECLARATION; MEMORANDUM;
>
> PETITION; NOTICE OF MOTION

**Which is deemed filed at the time it was deposited in Taft Correctional Institution's internal mail system, since TCI has no separate system designed for legal mail, in accordance with Rule 4, Federal Rules of Appellate Procedure and Houston V. Lack, 108 S. Ct. 2379 (1988), by placing same in a sealed, first class postage prepaid envelope addressed to :**

Terry Moorer, AUSA
Offc of the US Atty
One Square Court, Ste 201
Montgomery, AL 36104

**and depositing same in the institution mail box at Taft Correctional Institution at Taft, California.**

**I declare, under penalty of perjury (Title 28 U.S.C. 1746), That the foregoing is true and correct.**

Dated this <u>17th</u> day of <u>March</u>, <u>2006</u>.

Adrian Lopez

"ORIGINAL"

2:07CV343 -WHA

Page 2

RECEIVED

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT

SENTENCE BY A PERSON IN FEDERAL CUSTODY

2007 APR 23  A 10: 17

| United States District Court | **MIDDLE** | District OF ALABAMA--NORTHERN DIV. |
|---|---|---|

U.S. DISTRICT COURT
MIDDLE DISTRICT

| Name (under which you were convicted): | Docket or Case No.: |
|---|---|
| **GELACIO MATURANO RODRIGUEZ** | **2:03cr231-A** |

| Place of Confinement: | Prisoner No.: |
|---|---|
| **TAFT CORRECTIONAL INSTITUTION** | **11303-002** |

| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |
|---|---|
| v. | **GELACIO MATURANO RODRIGUEZ** |

## MOTION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging: _____
    **United States District Court for the Middle District of Alabama -- Northern Division, One Church Street, B-110, P.O. Box 711, Montgomery, Alabama 36104**

    (b) Criminal docket or case number (if you know): **2:03cr231-A**

2.  (a) Date of the judgment of conviction (if you know): **March 5, 2004**

    (b) Date of sentencing: **March 21, 2005**

3.  Length of sentence: **180 months**

4.  Nature of crime (all counts): **Count I: Conspiracy to Distribute/Possess with Intent to Distribute a Mixture or Substance Containing Methamphetamine (500 grams or more).**

5.  (a) What was your plea? (Check one)

    (1)  Not guilty ❑          (2)  Guilty ☒          (3)  Nolo contendere (no contest) ❑

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? **N/A**

6.  If you went to trial, what kind of trial did you have? (Check one)          Jury ❑          Judge only ❑
    **N/A**

Page 3

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☒

8.  Did you appeal from the judgment of conviction?    Yes ☐    No ☒

9.  If you did appeal, answer the following:

(a) Name of court: ____**N/A**_____

(b) Docket or case number (if you know): ____**N/A**_____

(c) Result: ____**N/A**_____

(d) Date of result (if you know): ____**N/A**_____

(e) Citation to the case (if you know): ____**N/A**_____

(f) Grounds raised: ____**N/A**_____

_____

_____

_____

_____

_____

(g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐    No ☒

If "Yes," answer the following:

(1) Docket or case number (if you know): ____**N/A**_____

(2) Result: ____**N/A**_____

_____

(3) Date of result (if you know): ____**N/A**_____

(4) Citation to the case (if you know): ____**N/A**_____

(5) Grounds raised: ____**N/A**_____

_____

_____

_____

_____

_____

10. Other than the direct appeals listed above, have you previously filed any other motions,

petitions, or applications concerning this judgment of conviction in any court?

Yes ☐    No ☒

11. If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court: ____**N/A**_____

(2) Docket or case number (if you know): ____**N/A**_____

(3) Date of filing (if you know): ____**N/A**_____

Page 4

(4) Nature of the proceeding: _____ **N/A** _____

(5) Grounds raised: ___ **N/A** _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or

application?    Yes ❑   No ☒

(7) Result: _____ **N/A** _____

(8) Date of result (if you know): _____ **N/A** _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____ **N/A** _____

(2) Docket or case number (if you know): ____ **N/A** _____

(3) Date of filing (if you know): _____ **N/A** _____

(4) Nature of the proceeding: _____ **N/A** _____

(5) Grounds raised: _____ **N/A** _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or

application?    Yes ❑   No ☒

(7) Result: _____ **N/A** _____

(8) Date of result (if you know): ____ **N/A** _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your

motion, petition, or application?

(1)  First petition:      Yes ❑   No ☒

(2)  Second petition:   Yes ❑   No ☒

Page 5

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: __N/A__

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

GROUND ONE: __Counsel Rendered Ineffective Assistance In Failing to File A Notice Of Appeal After Petitioner Requested To Do So.__

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

__Defense counsel's failure to file a timely appeal in a criminal case, when requested by a defendant, constitutes ineffective assistance of counsel, entitling the defendant to relief. See Roe v. Flores–Ortega, 528 U.S. 470, 477 (2000); Martin v. United States, 81 F.3d 1083, 1084 (11th Cir. 1996). Here, after the imposition of sentence petitioner had advised his counsel to file an appeal where petitioner has manifests such an obvious to challenge the sentence imposed, and appears, as petitioner does, to be of the honest belief that he was unjstly denied the extra point for his timely acceptance of responsibility and the erroneous enhancement for obstruction of justice, his attorney has reason to believe that an appeal might be desired and, accordingly, has a constitutional obligation to consult with his client regarding that option.  Flores–Ortega, 528 U.S. at 483.__

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: __Due of counsel's inaction after sentencing petitioner lost his opportunity to file a timely notice even though he requested his counsel to do so.__

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑  No ☒   __N/A__

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ____N/A____

Name and location of the court where the motion or petition was filed: ___N/A___

Page 6

Docket or case number (if you know): _____**N/A**_____

Date of the court's decision: _____**N/A**_____

Result (attach a copy of the court's opinion or order, if available): ____**N/A**_____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑  No ☒  **N/A**

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑  No ☒  **N/A**

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑  No ☒   **N/A**

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____**N/A**_____

_____

Docket or case number (if you know): _____**N/A**_____

Date of the court's decision: ____**N/A**_____

Result (attach a copy of the court's opinion or order, if available): ____**N/A**_____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____**N/A**_____

_____

_____

_____

_____


GROUND TWO: _____**N/A**_____

_____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____**N/A**_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 7

(b) **Direct Appeal of Ground Two:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ❑   No ☒   **N/A**

   (2) If you did not raise this issue in your direct appeal, explain why: _____ **N/A** _____

   _____

   _____

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

   Yes ❑   No ☒   **N/A**

   (2) If your answer to Question (c)(1) is "Yes," state:

   Type of motion or petition: _____ **N/A** _____

   Name and location of the court where the motion or petition was filed: _____ **N/A** ___

   _____

   Docket or case number (if you know): _____ **N/A** _____

   Date of the court's decision: _____ **N/A** _____

   Result (attach a copy of the court's opinion or order, if available): _____ **N/A** _____

   _____

   _____

   (3) Did you receive a hearing on your motion, petition, or application?

   Yes ❑   No ☒   **N/A**

   (4) Did you appeal from the denial of your motion, petition, or application?

   Yes ❑   No ☒   **N/A**

   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ❑   No ☒   **N/A**

   (6) If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed: _____ **N/A** _____

   _____

   Docket or case number (if you know): _____ **N/A** _____

   Date of the court's decision: _____ **N/A** _____

   Result (attach a copy of the court's opinion or order, if available): _____ **N/A** _____

   _____

   _____

Page 8

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____ **N/A** _____

_____

_____

_____

_____


GROUND THREE: _____ **N/A** _____

_____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____ **N/A** _____

_____

_____

_____

_____

_____

_____

_____

_____


(b) Direct Appeal of Ground Three:

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ☐   No ☒    **N/A**

   (2) If you did not raise this issue in your direct appeal, explain why: _____ **N/A** _____

_____

_____

(c) Post-Conviction Proceedings:

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

   Yes ☐   No ☒    **N/A**

   (2) If your answer to Question (c)(1) is "Yes," state:

   Type of motion or petition: _____ **N/A** _____

   Name and location of the court where the motion or petition was filed: _____ **N/A** _____

_____

   Docket or case number (if you know): _____ **N/A** _____

   Date of the court's decision: _____ **N/A** _____

Result (attach a copy of the court's opinion or order, if available): __N/A__

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑   No ☒   **N/A**

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑   No ☒   **N/A**

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ☒   **N/A**

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____ **N/A**

_____

Docket or case number (if you know): _____ **N/A**

Date of the court's decision: _____ **N/A**

Result (attach a copy of the court's opinion or order, if available): _____ **N/A**

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____ **N/A**

_____

_____

_____

_____

_____

GROUND FOUR: _____ **N/A**

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____**N/A**_____

_____

_____

_____

_____

_____

_____

_____

_____

(b)  **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐ No ☒    **N/A**

    (2) If you did not raise this issue in your direct appeal, explain why: ____ **N/A** ____

(c)  **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐ No ☒    **N/A**

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: ____ **N/A** ____

    Name and location of the court where the motion or petition was filed: ____ **N/A** ____

    Docket or case number (if you know): ____ **N/A** ____

    Date of the court's decision: ____ **N/A** ____

    Result (attach a copy of the court's opinion or order, if available): ____ **N/A** ____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐ No ☒    **N/A**

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐ No ☒    **N/A**

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐ No ☒    **N/A**

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: ____ **N/A** ____

    Docket or case number (if you know): ____ **N/A** ____

    Date of the court's decision: ____ **N/A** ____

    Result (attach a copy of the court's opinion or order, if available): ____ **N/A** ____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____ **N/A** _____

_____

_____

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: __ **Due of counsel's ill representation in failing to file a notice of appeal after requested by petitioner to do so. Thus, none of the grounds raised in this petition where reviewed by the court of appeals.**

_____

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?      Yes ❑    No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____ **N/A** _____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: __ **Joseph Brady Lewis, 847 South McDonough Street, Montgomery, Alabama 36104** _____

(b) At arraignment and plea: . __ **same as (a)** _____

(c) At trial: _____ **N/A** _____

(d) At sentencing: _____ **same as (a)** _____

Page 12

(e) On appeal: ____N/A____

_____

(f) In any post-conviction proceeding: ____N/A____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: ____N/A____

_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☐ No ☒   N/A

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐ No ☒   N/A

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: ____N/A____

_____

(b) Give the date the other sentence was imposed: ____N/A____

(c) Give the length of the other sentence: ____N/A____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ☐ No ☒   N/A

Page 13

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* __ **Petitioner was sentenced on March 21, 2005, where the he received a 180-month sentence. First, the date on which Petitioner's conviction became final was March 21, 2006, but before the one-year anniversary pursuant to AEDPA he submitted a motion requesting an extension of time to file his § 2255. The court received on March 27, 2006, and filed on the same date. As petitioner has not yet received any answer from the court. Thus, he have assumed that this court has granted already a relief requested and extended the time in which he will be filing his § 2255 motion seeking relief based on ineffective assistance of counsel. As such, the instant petition it is timely filed which came within the parameters of the extended time granted by this court as requested by petitioner.**

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: __to find that petitioner has__
__sufficiently demonstrated that counsel's was ineffective in failing to file a__
__timely notice of appeal, or, to grant an evidentiary hearing to prove his__
__case.__ or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct
and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on __April__ __16,__
__2007_____ (month, date, year).

Executed (signed) on __April 16, 2007_____ (date).

*Maturano Rodriguez*
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not
signing this motion. _____
_____
_____

IN FORMA PAUPERIS DECLARATION

_____
[Insert appropriate court]
* * * * *

GELACIO MATURANO RODRIGUEZ
REG. 11303-002
P.O. BOX 7001/A3C
TAFT, CALIFORNIA 93268



CLERK OF COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION
ONE CHURCH STREET, B-110
P.O. BOX 711
MONTGOMERY, ALABAMA 36104