IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GELACIO MATURANO RODRIGUEZ, | ) ) ) | |
| Petitioner, | ) ) | Civil Action No. 2:07cv343-WHA |
| v | ) ) | (WO) |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

**O R D E R**

Pursuant to the orders of this court, the United States has filed a response (Doc. No. 4) addressing the applicability of the period of limitation to the motion to vacate under 28 U.S.C. § 2255 that was filed by federal inmate Gelacio Maturano Rodriguez ("Rodriguez") on April 16, 2007. In its response, the government argues that Rodriguez's motion is barred by the one-year period of limitation applicable to motions filed under 28 U.S.C. §2255. *See* § 105 of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").[1] Specifically, the government asserts that Rodriguez's conviction for conspiracy to distribute and possess with intent to distribute a mixture or substance containing methamphetamine became final on April 4, 2005 – 10 days after the district court's entry of Judgment, as no direct appeal was filed – and that the instant § 2255 motion was filed well after expiration of the one-year period of limitation. *See "Response to § 2255 Motion"* (Doc. No. 4) at 4-8.

---

[1] "Section 105 amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255." *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). This section became effective on April 24, 1996.

Paragraph 6 of 28 U.S.C. § 2255 specifies that the one-year period of limitation begins from the latest date of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Rodriguez was convicted on March 24, 2004, and was sentenced on March 21, 2005. *See "Criminal Docket for Case No. 2:03cr231-WHA."* The district court entered Judgment on March 25, 2005. *Id.* Rodriguez did not file a direct appeal of his conviction. By operation of law, then, his conviction became final on April 4, 2005, upon expiration of the time for him to file a direct appeal (i.e., 10 days after the district court's entry of Judgment). Thus, Rodriguez had until April 4, 2006, to file a timely § 2255 motion. The instant motion, however, was not filed until April 16, 2007.

It does not appear that any of § 2255's exceptions to application of the limitation period are applicable in this case. Specifically, Rodriguez's claims do not rest on an alleged "right [which] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Moreover, the court notes that the government has

not prevented Rodriguez from filing an earlier motion nor has Rodriguez submitted any grounds for relief that could not have been put forth earlier under the exercise of due diligence such that the limitation period begins to run at a time other than upon the finality of his conviction.

Under the circumstances of this case as outlined herein, it appears to the court that the one-year period of limitation contained in 28 U.S.C. § 2255 expired prior to Rodriguez's filing his motion to vacate. Accordingly it is

ORDERED that on or before June 27, 2007, Rodriguez shall show cause why his 28 U.S.C. § 2255 motion should not be dismissed as it was not filed within the one-year limitation period established by the AEDPA.

Done this 5th day of June, 2007.

/s/Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE