Gelacio Maturano Rodriguez
Reg. 11303-002
P.O. Box 7001/A3C
Taft, California 93268

In Pro Per

RECEIVED

2007 AUG 13 A 9: 3⁻

DEBRA P. HACKETT CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| GELACIO MATURANO RODRIGUEZ, )<br><br>         Defendant-Petitioner, )<br><br>vs. )<br><br>UNITED STATES OF AMERICA, )<br><br>         Plaintiff-Respondent. )<br> ) | CASE NO.: 2:07-cv343-WHA<br>RELATED TO CRIMINAL CASE NO.<br>2:03-cr-00231-WHA-SRW-4 |

---

## TRAVERSE OF GOVERNMENT'S RESPONSE TO
## PETITIONER'S § 2255

COMES NOW The Petitioner, Gelacio Maturano Rodriguez, pro se, in the above entitled cause, and hereby in Traverse of Government's response to motion to vacate, set aside, or correct sentence entered for the above titled case pursuant to § 2255.

The Government response, to the motion pursuant to Title 28 U.S.C. § 2255, argues three independent reasons as to why this petitioner's argument must fail by the statute limitations contained in 28 U.S.C. § 2255. This Traverse will show the error in the profusion of standards called upon, by the government, in order as presented by its response. Petitioner will show that relief is warranted and available in this case.

## TRAVERSE

I.    **Petitioner's Claims is not Barred by the One Year Statute of Limitations for Filing Claims under 28 U.S.C. § 2255.**

In its response, the government argues that "[P]etitioner's claim is therefore barred by the statute of limitations unless the statute of limitations was extended by order of the Court or was equitably tolled by extraordinary circumstances. [Gov't. Br. at 5]   In this case, neither of these situations applies, and the claim is barred by the statute of limitations.  Id.   This assertion is incorrect for two reasons, 1) petitioner's motion for an extension filed on March 27, 2006, did not articulate any cognizable claim under § 2255, and 2) no such claim was made until after petitioner assumed that the extension was granted; however, because the doctrine of equitable tolling applies here, petitioner's motion is not time-barred. See **United States v. Patterson**, 211 F.3d 927, 932 (5th Cir. 2000);    see    also **Moultrie v United States,** 147 F.Supp.2d 405, 409 (D.S.C. 2001).

Similarly, petitioner relied first on the fact that he never received any input from the court regarding his motion for extension of time which he assumed that was granted and he filed the said motion before the statute of limitation running out in this case.  See **Nelson v. United States,** 380 F.Supp.2d 100, 104 (N.D.N.Y. 2005).    Because he filed within the period extended to him and submitted his motion for an extension before the original deadline expired. Petitioner exhibit reasonable diligence within the period equitable now under consideration.  Id. at 104.

Therefore, contrary to the government's argument, this Court will recognizes petitioner's ineffective assistance claim as timely.

a) **Petitioner's Previous Filing on March 17, 2006, Did Entitle Him to an extension of Time for Filing His Claims.**

Here, the government argues against an extension of the time in which to file and subsequent motion for relief asserting that is barred by the statute of limitations.   [Gov't. Br. at 6]   The government apparently relies on varied standards to support its' position and an assortment of equitable tolling of a different nature than the **Baldwin County Welcome Center v. Brown**, 466 U.S. 147 (1984), rule which implied that equitable tolling may be appropriate in situations "where the court has led the plaintiff to believe that she had done everything required to her." **Brown**, 466 U.S. at 151.   As such, petitioner's explanation for his untimely action are true and that the circumstances were external to the petitioner's own conduct. **Nelson**, 147 F.Supp.2d at 409.

Petitioner maintains that equitable tolling of the one year period applies to his action.   First, petitioner's filing on March 17, 2006, does meet the minimum requirements.   The extension motion filed in this case did not contain allegations sufficient to state a § 2255 claim.   However, given (a) that petitioner's time to move under § 2255 had not expired when he made his extension motion, (b) that his time to move expired during the lengthy delay by the district court in the course of reaching its decision regarding petitioner's extension of time which his deadline had already passed.

In petitioner's case, he was sentenced on March 21, 2005, and a final judgment of conviction was entered on March 25, 2005.   Because petitioner did not file a notice of appeal, his conviction became final ten days after entry of the judgment of conviction, on April 4, 2005.   His one-year § 2255 deadline thus was April 4, 2006, and his March 17, 2006, extension motion was filed 20 days prior to that deadline.   Had the district court ruled promptly on that extension motion, or had it promptly dismissed the motion for lack of a case of controversy,

3

petitioner would have had ample time to file the § 2255 motion itself before the April 4, deadline.

In fact, however, action of petitioner's extension motion was quite delayed and until today he do not have any information regarding the status of the said motion.    Further, if the district court, after receiving petitioner's extension motion, had quickly acted on petitioner's extension motion—either denying it or dismissing it for lack of jurisdiction—petitioner would have had some couple of weeks in which to file a timely § 2255 motion.

However, the district court never delivered its decision to petitioner and he had acknowledged that the said extension motion was denied throught the government's response to his § 2255 motion filed in the above titled cause.    In sum, the district court actions for failure to inform petitioner of its decision consumed almost another year to acknowledge of said decision.   Perhaps its peace was slow because of its respective view that petitioner's time to fiel a § 2255 motion had expired even before he requested an extension.   If either of its view had been correct, it would see no basis for equitable tolling.   But given the district court errors, petitioner do not think the district court's pace should be allowed to prejudice him.

Further, it appears that petitioner acted with reasonable diligence in attempting to pursue relief under § 2255.   He did not wait until close to his April 4, 2006, deadline to request an extension, his extension motion was made on March 17, 2006.   When he had heard nothing from the court on that motion for some year, he then filed his § 2255 motion articulating all his claims for relief.

Although the circumstances of this case do not entirely parallel those in which equitable tolling has previously been applied by the Eleventh Circuit, [Gov't. Br. at 6], equity need not be formulaic.   The circumstances here—in which (a) the petitioner timely and repeatedly sought to protect his right to file

a § 2255 motion, (b) the court's (erroneous) decision was further delayed—seem to be extraordinary and warranted equitable tolling. Under these circumstances, this case is one of those rare and exceptional cases in which equitable tolling is appropriate. **Moultrie**, 147 F.Supp.2d at 409 (limitations period for prisoner to file motion was equitably tolled); **Nelson**, 380 F.3d at 104 (equitable tolling of limitations period was warranted ... and movant exhibited reasonable diligence within the period of equitable tolling); **Patterson**, 211 F.3d at 932 (to apply doctrine of equitable tolling in context of a motion for post-conviction relief, court looks to the facts and circumstances of each case).

### (2.) Petitioner Has Submitted a Sufficient Basis for Equitable Tolling the Statute of Limitations Contained in 28 U.S.C. § 2255

"The doctrine of equitable tolling preserves a plaintiff claims when strict application of a statute of limitations would be inequitable." **Patterson**, 211 F.3d at 930, quoting **Davis**, 158 F.3d at 810. "Equitable tolling applies principally where the plaintiff is actively misled by the defendants about the cause of action or is prevented in some extraordinary way from asserting his rights." Id. Contrary to the government's assertions, Gov.'t Br. at 8-9, petitioner has met his burden of showing extraordinary circumstances that have prevented him from filing his motion time and had showed that he has acted with due diligence.

Here, on his March 17, 2006, motion petitioner requested an extension of time within which to file his § 2255 motion containing all claims that he wants to assert in such motion. Tellingly, given I want to: (a) Express and articulate my thoughs [in a § 2255 motion] to the court; and (b) petition the court for appropriate relief. [March 17, motion] See e.g., **United States v. Prescott**, 221 F.3d 686 (4th Cir. 2000)(allowing equitable tolling where prisoner failed to receive actual or constructive notice of the Supreme Court's denial of his writ of certiorari until after the one-year statute of limitations had expired).

As previously noted, petitioner alleges, with persuasive documentary evidence in the form of a filed motion, that he submitted an extension of time motion before the deadline had expired. And, it is clear that circumstances beyond petitioner's control may have interfered with the timely filing and disposition of this pleading, i.e., the pleading may have been misplaced by the Clerk's Office before it was delivered to petitioner or, alternatively, the pleading may have been misplaced after it was filed but before an appropriate resolution was reached.

In these circumstances, given that petitioner's own conduct did not lead to the inexplicable long lapse of time in this case, "it would be unconscionable to enforce the limitation period against the [petitioner] and gross injustice would result" by doing so, **Harris v. Hutchinson**, 209 F.3d 325, 330 (4th Cir. 2000). And, although granting petitioner a one-year extension of time in which to file his § 2255 motion is not highly unusual, so, too, are the circumstances of this case. In other words, the facts presented here are sufficient extraordinary as to warrant application of the doctrine of equitable tolling. See id. Accordingly, the merits of each of petitioner's substantive § 2255 claims can be recognized as timely filing it.

## II. A HEARING IS NECESSARY IN THIS MATTER

As petitioner's claim is not barred by the statute of limitations contained in 28 U.S.C. § 2255. He has pleaded facts facts and presented sufficient evidence and argument which, if true, show that he is entitled to an evidentiary hearing on whether his claim is not barred by the statute of limitations. Therefore, his claim for relief should be granted or in alternative for an evidentiary hearing to allow petitioner to prove his case. See **Gomez-Diaz v. United States**, 433 F.3d 788, 794 (11th Cir. 2005).

## III. CONCLUSION

For the above reasons, Petitioner Gelacio Maturano Rodriguez's claim is not barred by the statute of limitations contained in 28 U.S.C. § 2255, and his claim should be granted or alternatively for an evidentiary hearing to allow him to prove his case. Otherwise, the Court may order the government to address the claim of ineffectiveness of counsel to the petitioner's substantive argument as raised it.

DATED: this 27th day of July, 2007.


Respectfully submitted,

*Maturano Gelacio*

Gelacio Maturano Rodriguez
Reg. 11303-002
Petitioner

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 27, 2007, I have mailed the foregoing Traverse of Government's Response to Petitioner's § 2255 to the party below, via United States Postal Service, First Class Mail, postage prepaid, and deposited same at the mail box located at Taft Institution internal mail system.

Matthew W. Shepherd
Assistant U.S. Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197

By: _____
Gelacio Maturano Rodriguez
Reg. 11303-002
Petitioner

8



Clerk of Court
U.S. District Court
Middle District of Alabama
One Church Street, B-110
P.O.  Box  711
Montgomery, Alabama 36104

Gelacio Maturano Rodriguez
Reg. 11303-002
P.O.  Box  7001/A3C
Taft, California 93268