IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GELACIO MATURANO RODRIGUEZ, ) ) ) Petitioner, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) | Civil Action No. 2:07cv343-WHA (WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Gelacio Maturano Rodriguez ("Rodriguez") asks the court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## I.  PROCEDURAL HISTORY

On March 4, 2004, Rodriguez pled guilty to conspiracy to distribute and possess with intent to distribute methamphetamine, a violation of 18 U.S.C. §§ 841(a)(1) and 846. On March 21, 2005, the district court sentenced Rodriguez to 180 months in prison. Judgment was entered on March 25, 2005. Rodriguez did not appeal.

On April 16, 2007 (Doc. No. 1), Rodriguez filed this § 2255 motion.[1] In it, he asserts that his counsel was ineffective for failing to file a notice of appeal although he was

---

[1] Although Rodriguez's motion is date-stamped "received" on April 23, 2007, under the "mailbox rule," the court deems it filed on the date he delivered it to prison authorities for mailing, presumptively, April 16, 2007, the day that he signed it. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

requested to do so.  (Doc. No. 1 at p. 5.)  The government has filed an answer arguing that Rodriguez's motion is untimely and therefore barred by the one-year period of limitation applicable to § 2255 motions.  (Doc. No. 4 at pp. 4-5.)  *See* § 105 of the Antiterrorism and Effective Death Penalty Act ("AEDPA").[2]

After due consideration and upon review of the motion, the parties' submissions, and the record in this case, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, Rodriguez's § 2255 motion should be denied because it is time-barred.

## II.  DISCUSSION

*A.     Limitation Period*

Paragraph 6 of 28 U.S.C. § 2255 specifies that the one-year period of limitation begins from the latest date of

> (1)  the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented

---

[2] "Section 105 amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255."  *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). This section became effective on April 24, 1996.

could have been discovered through the exercise of due diligence.

The district court entered the judgment of conviction in Rodriguez's criminal case on March 25 2005, and Rodriguez did not take a direct appeal. By operation of law, Rodriguez's conviction became final on April 4, 2005 – 10 days after the district court entered its judgment.[3] Thus, Rodriguez had until April 4, 2006, to file a timely § 2255 motion. However, he filed his § 2255 motion on April 16, 2007, over a year after expiration of the one-year period of limitation.

### B. *Statutory Exceptions to Limitation Period*

Rodriguez does not demonstrate that any of the exceptions specified in 28 U.S.C. § 2255 ¶ 6 (2)-(4) apply in his case to cause the one-year limitation period to begin to run at some time after his conviction became final, § 2255 ¶ 6 (1). Specifically, there is no indication that a governmental action prevented Rodriguez from filing a timely § 2255 motion. *See* § 2255 ¶ 6 (2). Moreover, Rodriguez's claims do not rest on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255 ¶ 6 (3). Finally, Rodriguez does not submit any grounds for relief that could not have been put forth earlier under the exercise of due diligence. 28 U.S.C. § 2255 ¶ 6 (4).

---

[3] *See* Fed.R.App.P. 4(b)(1) (defendant's notice of appeal in a criminal case must be filed in the district court within 10 days after entry of the district court's judgment); *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (for defendant who does not file a direct appeal, the conviction becomes final ten days after the district court's judgment is entered); *see also Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005).

## C. *Equitable Tolling of Limitation Period*

The limitation period may be equitably tolled on grounds apart from those specified in § 2255 ¶ 6 (2)-(4) "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (1999); *see also Wade v. Battle*, 379 F.3d 1254, 1264-65 (11th Cir. 2004). An inmate bears the difficult burden of showing specific facts to support his claim of extraordinary circumstances and due diligence. *See Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000).

Rodriguez asserts that he is entitled to equitable tolling based on a motion he filed with the district court on March 17, 2006,[4] which he says tolled the running of the limitation period until he filed his § 2255 motion on April 16, 2007. (Doc. No. 8 at pp. 1-7; *see also* Criminal Case No. 2:03cr-231-WHA - Doc. No. 276.) The March 17, 2006, motion was styled by Rodriguez as a "Declaration; Memorandum, Petition; Notice of Motion." Nowhere in the body of that motion, however, did Rodriguez actually request an extension of time to file a § 2255 motion, and nowhere in the motion did he state a basis for relief from his conviction or sentence or set forth any supporting facts. Because the only relief requested in the motion was in paragraph 7, which stated, "My Prayer is that the Court shall find favor in permitting me to Supplement and Amend by Petition and/or my Motion," the district court

---

[4]The motion was date-stamped "received" in this court on March 27, 2006; however, Rodriguez signed it, and presumptively gave it to prison officials for mailing, on March 17, 2006. Therefore, this court refers to the motion as the "March 17, 2006, motion."

4

directed that the motion be construed and docketed as a "Motion to Supplement and Amend." (*See* Criminal Case No. 2:03cr-231-WHA - Doc. No. 277.) Finding that there was no petition or motion by Rodriguez pending in his case that could be supplemented or amended, the district court then denied the "Motion to Supplement and Amend."[5] (*Id.*)

Rodriguez maintains that he did not receive notice of the district court's ruling on the March 17, 2006, motion and that he therefore assumed that the court had granted him the relief he supposedly requested, by extending the time in which he could file his § 2255 motion. (*See* Doc. No. 1 at p. 13.) Accordingly, he argues that the one-year limitation period stopped running when he filed the March 17, 2006, motion and that his § 2255 motion, filed on April 16, 2007, was timely for purposes of the limitation period.

Petitioner's argument is without merit. First, a prerequisite to equitable tolling is the exercise of due diligence by the petitioner, *see Sandvik*, 177 F.3d at 1271, and Rodriguez did not exercise due diligence in filing the March 17, 2006, motion; in assuming that the motion had been granted and that his time for filing a § 2255 motion was thereby extended; and in waiting for over a year to file a § 2255 motion based on his assumption that the limitation period had ceased to run over a year earlier.  Moreover, Rodriguez does not establish that circumstances beyond his control prevented him from monitoring the status of his March 17, 2006, motion, learning that it had been denied, and then taking steps to file a timely § 2255

---

[5]The district court's order denying the motion was entered on March 29, 2006.

motion. *See Rainey v. Secretary for the Department of Corrections*, 443 F.3d 1323, 1330 (11th Cir. 2006). Finally, federal courts have no authority to extend the one-year limitation period contained in § 105 of the AEDPA where no § 2255 motion has been filed, or to treat a motion for extension of time as a substantive motion for relief under 28 U.S.C. § 2255 where the motion does not contain allegations sufficient to support a claim under § 2255. *See Green v. United States*, 260 F.3d 78, 83 (2nd Cir. 2001); *United States v. Leon*, 203 F.3d 162, 164 (2nd Cir. 2000) ("a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed.") (collecting cases). As indicated above, nowhere in his March 17, 2006, motion did Rodriguez state a basis for relief from his conviction or sentence, or set forth supporting facts, that were sufficient to support a claim under § 2255. Thus, no construction of the March 17, 2006 motion – whether it had been denied or granted – could have operated to toll or extend the limitation period for Rodriguez to file a § 2255 motion. Consequently, this court concludes that Rodriguez is not entitled to equitable tolling of the limitation period based on the motion he filed with the district court on March 17, 2006.[6]

Because Rodriguez is not entitled to equitable tolling his § 2255 motion is time-

---

[6]In his March 17, 2006, motion – but nowhere in his § 2255 motion (Doc. No. 1) nor his answer to the government's response to his § 2255 motion (Doc. No. 8) – Rodriguez asserted that he has difficulties with the English language and that "I am trying to collect and distill my thoughts, have them translated, and communicate same to the Court." (*See* Criminal Case No. 2:03cr-231-WHA - Doc. No. 276 at pp. 2-3.) However, difficulty with the English language is not in itself a sufficient basis for equitably tolling the limitation period. *See United States v. Montano*, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005), citing *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002).

6

barred, and it is unnecessary to address the merits of his claim that his trial counsel was ineffective for failing to file a direct appeal.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion to vacate pursuant to 28 U.S.C. § 2255 be denied as time-barred and that this case be dismissed with prejudice.  It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **March 3, 2009.**  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, this 20th day of February, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE