IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GELACIO MATURANO RODRIGUEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 2:07cv343-WHA |
| ) | |
| UNITED STATES OF AMERICA, ) | (WO) |
| ) | |
| Respondent. ) | |

**ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #11), entered on February 20, 2009, together with the Petitioner's Objection (Doc. #12).

Rodriguez objects to the Magistrate Judge's conclusion, in her February 20, 2009 Recommendation, that his § 2255 motion is time-barred.

The Petitioner's conviction became final on April 4, 2005 – 10 days after the court entered its judgment. Since he did not file a direct appeal, Rodriguez had until April 4, 2006, to file a timely § 2255 motion. However, he did not file this § 2255 petition until April 16, 2007, over a year after expiration of the one-year period of limitation.

In his § 2255 motion – and again in his objections – Rodriguez asserts that he is entitled to equitable tolling based on a motion that he filed in his criminal case, Cr. No. 2:03cr231-WHA, on March 17, 2006, eleven and a half months after his conviction became final, which he says tolled the running of the limitation period until he placed his § 2255 motion in the prison mailing system over a year after that, on April 16, 2007.

The March 17, 2006, motion was styled by Rodriguez as a "Declaration; Memorandum, Petition; Notice of Motion." Nowhere in the body of that motion, however, did he actually request an extension of time to file a § 2255 motion, and nowhere in the motion did he state a basis for relief from his conviction or sentence or set forth any supporting facts. Because the only relief requested in the motion was in paragraph 7, stating, "My Prayer is that the Court shall find favor in permitting me to Supplement and Amend by Petition and/or my Motion," the court directed that the motion be construed and docketed as a "Motion to Supplement and Amend." Finding that there was no petition or motion by Rodriguez pending in his case that could be supplemented or amended, the court then denied the "Motion to Supplement and Amend." The court's order denying the motion was entered on March 29, 2006.

Rodriguez maintains that he did not receive notice of the court's ruling on the March 17, 2006, motion and that he therefore "assumed" that the court had granted him the relief he supposedly requested, by extending the time in which he could file his § 2255 motion. Accordingly, he argues that the one-year limitation period stopped running when he filed the March 17, 2006, motion and that his § 2255 motion, filed on April 16, 2007, was timely for purposes of the limitation period.

As noted in the Magistrate Judge's Recommendation, a prerequisite to equitable tolling is the exercise of due diligence by the petitioner, and Rodriguez certainly did not exercise due diligence in filing the March 17, 2006, motion; in assuming that the motion had been granted and that his time for filing a § 2255 motion was thereby extended; and in waiting for over a year after that to file a § 2255 motion, based on an assumption that the limitation period had ceased to run over a year earlier.

Moreover, as also noted in the Recommendation, Rodriguez does not establish that circumstances beyond his control prevented him from monitoring the status of his March 17, 2006, motion and learning that it had been denied, and then taking steps to file a timely § 2255 petition.

Finally, as stated in the Recommendation, federal courts have no authority to extend the one-year limitation period where no § 2255 petition has been filed, or to treat a motion for extension of time as a substantive motion for relief under 28 U.S.C. § 2255 where the motion does not contain allegations sufficient to support a claim under § 2255.  See *Green v. United States*, 260 F.3d 78, 83 (2nd Cir. 2001); *United States v. Leon*, 203 F.3d 162, 164 (2nd Cir. 2000).  Nowhere in his March 17, 2006, motion did Rodriguez state a basis for relief from his conviction or sentence, or set forth supporting facts, that were sufficient to support a claim under § 2255.  Thus, no construction of the March 17, 2006 motion – whether that motion was denied or granted – could have operated to toll or "extend" the limitation period for Rodriguez to file a § 2255 petition.

The court agrees with the conclusion of the Magistrate Judge that Rodriguez is not entitled to equitable tolling based on the motion he filed on March 17, 2006, and that his § 2255 petition is, therefore, time-barred.

Therefore, after an independent evaluation and *de novo* review of this case, the court adopts the Recommendation of the Magistrate Judge, and it is hereby

ORDERED and ADJUDGED that the Motion to Vacate Pursuant to 28 U.S.C. § 2255 is DENIED as time-barred, and this case is DISMISSED with prejudice.

DONE this 18th day March, 2009.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE